Lyman H. Smith, J.
Charged in a single count indictment with forgery in the second degree, in violation of subdivison 1 of section 170.10 of the Penal Law, the defendant at trial has moved in a precharge conference for alternative submission to the trial jury of forgery in the third degree (Penal Law, § 170.05) as a lesser included offense.
The essential facts upon which the determination of defendant’s request must rest may be briefly stated as follows:
The People have proffered evidence upon the trial that a commercial instrument, viz., United States Treasury check (No. 6,816,403), made payable to the order of Sergeant Dennis R Feidner in the amount of $857, was falsely completed by a forged indorsement of the payee’s name with intent to defraud the payee of his monthly paycheck as a National Guard Recruiting Sergeant. Two coconspirators of the accused have testifed; one (Perkins) to the effect that the accused forged the payee’s signature on the check and, the other (Rayam) to the effect that "to her knowledge” the defendant never had the check in his possession and, at some point prior to an unsuccessful attempt to cash the check by use of false identification cards, the accused renounced the deceitful scheme and fled from further participation in the conspiracy. Thus, the defendant simply denies that he forged the indorsement on the check. Both the prosecution and the defense concede that the check, except for the forged indorsement, is genuine and was properly and validly issued by the United States Treasury. *301 Under the foregoing state of the proof, the defendant’s prayer that the court alternatively charge down from forgery second degree to the lesser included offense of forgery third degree must be denied.
Section 170.05 of the Penal Law, entitled forgery in the third degree, provides as follows: "A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument.”
Subdivision 1 of section 170.10 of the Penal Law, entitled forgery in in the second degree, provides: "A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed: 1. A deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status.”
Clearly, the only discernible variance between the provisions of forgery third degree, a class A misdemeanor (Penal Law, § 170.05) and forgery second degree, a class D felony (Penal Law, § 170.10) lies within the definition of a "written instrument” (forgery in the third degree) and the list of "written instruments,” including a "commercial instrument”, specifically categorized under the five subdivisions of section 170.10 of the Penal Law (forgery in the second degree).[1]
The abstract hypotheses of CPL 1.20 (subd 37), defining "Lesser Included Offenses,” dictate that it is impossible to commit the felony crime of forgery in the second degree without "concomitantly committing by the same conduct” the lesser offense of forgery in the third degree, a class A misdemeanor. Thus, a literal reading of the definition statute (CPL 1.20, subd 37) supports a primary conclusion that forgery in the third degree is a lesser included offense of forgery in the second degree. However, it is black-letter law that the trial court may only charge the lesser degree when "a reasonable view of the evidence * * * would support a finding that the defendant committed such lesser offense but did not commit the greater. ” (CPL 300.50, subd 1; emphasis supplied.)
Therefore, it is incumbent upon the trial court to say *302 whether there is a reasonable view of the evidence here that would support a finding that the, defendant committed the lesser but not the greater offense. (CPL 300.50.) The significant concession on both sides, that the forged check is genuine and validly issued, compels a negative conclusion to the question thus raised. The check, as a matter of law, is a "commercial instrument.” As such, it falls squarely within the definition of subdivision 1 of section 170.10.[2] In so doing, it raises the level of the statutory sanction to that of a felony.
Absent evidence upon the trial that the purportedly forged instrument was a "written instrument” within the sole broad category of forgery in the third degree (as opposed to undisputed evidence that the instrument was, in fact and in law, a "commercial instrument” as categorized under forgery in the second degree), it follows that the triers of the fact may not alternatively choose between the "greater offense” and the "lesser offense.” (See, Dedieu v People, 22 NY 178.)
The statutory directions for submission to trial juries of "lesser included offenses” (CPL 300.30) must necessarily focus on the particular facts in each case rather than upon the conceptual statutory definition (CPL 1.20, subd 37; see, People v Johnson, 39 NY2d 364; People v Stanfield, 36 NY2d 467; People v Cionek, 35 NY2d 924; People v Hayes, 35 NY2d 907). Because no reasonable view of the evidence in this case, as determined by this court, would support a finding that the defendant committed the lesser offense (of forgery in the third degree), but did not commit the greater offense of forgery in the second degree, the court must, in this case, refuse to charge forgery in the third degree as a lesser included offense of forgery in the second degree.

. For other pertinent definitions of forgery terminology, see Penal Law (§ 170.00).

. This is not to say that forgery in the third degree may never be a lesser included offense of the higher degrees of forgery. Conceivably, when the authenticity, nature, character or status of a "written instrument” are in issue, the trial court may well be required (under the particular facts of the case) to charge down.