OPINION OF THE COURT
Edward S. Lentol, J.
This is a motion by defendant for an order dismissing the indictment herein pursuant to CPL 210.20 (subd 1, par [b]) and 210.30 (subds 1, 3, 5).
The indictment herein accuses the defendant of the crime of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4]) a class D felony in that on January 30, 1978 in the County of Kings he knowingly and unlawfully *757 possessed a loaded firearm, such possession not being in the defendant’s home or place of business.
The Grand Jury minutes disclose and it is uncontroverted that on January 30, 1978 at 83 Dumont Avenue, Brooklyn, New York, where the defendant conducts a grocery business he sold a .25 caliber semiautomatic pistol to an undercover agent of the Alcohol, Tobacco and Firearms Division of the Federal Government.
Defendant contends that as the possession of the loaded firearm was in his place of business, the evidence before the Grand Jury was not legally sufficient to establish the crime of criminal possession of a weapon in the third degree, hence the instant indictment is fatally defective.
Subdivision (4) of section 265.02 of the Penal Law makes the possession of a loaded firearm a felony "except * * * if such possession takes place in such person’s home or place of business.”
Where the possession takes place in a person’s place of business, such possession constitutes a misdemeanor (See Penal Law, § 265.01, subd [1]).
The District Attorney contends that it was the intention of the Legislature to provide for a mitigation of the offense charged in those cases wherein a person presumably possessed a gun for the protection of his home or business and that the Legislature never intended the circumstances surrounding the instant case to come within the exception of subdivision (4) of section 265.02 of the Penal Law.
When there is a prohibition in general words and an exception thereto, there is a strong presumption that what is excepted would have been within the prohibition if it had not been excepted. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 213.)
In construing subdivision (4) of section 265.02 of the Penal Law according to the fair import of its terms (Penal Law, § 5.00) this court finds the People’s argument unpersuasive. The underlying conduct in each instance is the same whether the possession of the weapon was in defendant’s home or place of business which constitutes a misdemeanor or elsewhere which would be felonious. Further, if the Legislature intended the alleged offense of the defendant, under the above facts to have been felonious it would have and it should be expressly provided.
*758 The Court of Appeals in People v Walsh, (44 NY2d 631, 636) states: "The court should not strain for an interpretation for which there is no express or even inferable foundation in the statute itself’.
The court notes that subdivisions 4 and 5 of section 265.10 of the Penal Law makes it a class A misdemeanor to dispose (see Penal Law, § 265.00, subd 6) of a firearm or a loaded firearm to a person under 16 years of age and that subdivision 7 of section 265.10 makes it a class A misdemeanor to sell a firearm without notifying the licensing officer of the City of New York in writing.
With respect to the merits of defendant’s motion, the issue here is whether an indictment should be permitted to stand where the record before the court and the evidence before the Grand Jury establish possession of a loaded gun as a misdemeanor and the accusatory instrument alleges such possession is a felony.
CPL 210.20 entitled "Motion to Dismiss Indictment” provides in part as follows:
"After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that: * * *
"[b] The evidence before the grand jury was not legally sufficient to establish the offenses charged or any lesser included offense.”
In People v Connelly (35 NY2d 171, 173) the court stated: "An indictment, of course, must rest on 'legally sufficient [evidence]’ (CPL 190.65, subd. 1), that is admissible or 'competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof (CPL 70.10, subd. 1). If the evidence does not establish 'the offense charged or any lesser included offense’ (CPL 210.20, subd. 1, par. [b]) the indictment must be dismissed.” It has also been said: "Thus, an indictment may not be dismissed on the ground that evidence before the Grand Jury was not legally sufficient to establish the offense charged, if it is legally sufficient to establish a lesser included offense”. (People v Frisbie, 40 AD2d 334, 336; see, also, People v Feliciano, 32 NY2d 140.) (Emphasis supplied.)
The definition of a "lesser included offense” as stated in CPL 1.20 (subd 37) is as follows: "When it is impossible to commit a particular crime without concomitantly committing, *759 by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.’ ”
In focusing on the particular facts of the instant case rather than merely superimposing the "impossibility” formula of lesser included offense upon the abstract statutory language of section 265.02 (subd [4]) of the Penal Law, this court concludes that criminal possession of a loaded firearm in one’s place of business is a lesser included offense of criminal possession of a loaded firearm in the third degree. (See, e.g., People v Johnson, 39 NY2d 364; People v Stanfield, 36 NY2d 467; see, also, People v Lett, 39 NY2d 966; People v Smith, 91 Misc 2d 300.)
The court has examined the minutes and after inspection concludes that while the evidence before the Grand Jury may have been insufficient to establish the commission of the crime of criminal possession of a weapon in the third degree by defendant, nevertheless there is sufficient testimony to sustain the lesser included offense of criminal possession of a weapon by the defendant herein in his place of business as a misdemeanor.
Thus, there is competent and legal evidence before the Grand Jury to establish a lesser included offense and reasonable cause to believe that the defendant committed such offense.
Accordingly, the motion to dismiss the indictment must therefore be denied and the defendant shall be tried for a misdemeanor.