OPINION OF THE COURT
Herman Cahn, J.
Defendant Steven Korsen moves to controvert the People’s allegation that he is a second felony offender as that term is defined in section 70.06 of the Penal Law.
Korsen stands convicted, after a lengthy trial before this court, of the crimes of scheme to defraud in the first degree (Penal Law, § 190.65, a class E felony), and several misdemeanors.
The prosecutor has filed a statement as required by CPL 400.21 (subd 2) that defendant on February 4, 1976 pleaded guilty in the United States District Court, District of Columbia, to the crime of conspiracy to commit offenses against the United States (US Code, tit 18, § 371). Essentially, this conviction was for conspiring to transport and sell stolen securities, in the form of counterfeit bank checks with a value in excess of $5,000, in violation of sections 2314 and 2315 of title 18 of the United States Code. Said crime of conspiracy, the top count of the Federal indictment, is a felony under Federal law.
*876 It is the People’s position that predicated upon said 1976 Federal conviction, Korsen is a second felony offender, pursuant to section 70.06 of the Penal Law, and should be considered as such for purposes of sentence by this court. Korsen vigorously argues that the crime to which he pleaded guilty in the Federal court would not be a felony under New York law and therefore the requirements of section 70.06 (subd 1, par [b], cl [i]) of the Penal Law have not been satisfied. Said section mandates that if the prior conviction was not in this State, it must be for a crime which would be a felony in the State of New York. (People v Tesoriero, 108 Misc 2d 1055.) The issue posed is whether Korsen’s prior Federal conviction, which took place in the District of Columbia, would qualify as a felony in this State. The burden of proof is upon the People to demonstrate beyond a reasonable doubt that the defendant has a predicate felony conviction. (CPL 400.21, subd 7, par [a]; People v Taylor, 86 Misc 2d 445.)
The People contend that the corresponding crime in this State is conspiracy to commit the crime of criminal possession of a forged instrument in the first degree; since criminal possession of a forged instrument in the first degree is a class C felony, conspiracy to commit such crime is a class E felony under New York law. (Penal Law, § 105.10.)
In order to arrive at a decision, section 170.30 of the Penal Law must be compared with the underlying facts on which the Federal conviction was based. The subject of the Federal indictment was possession of counterfeit bank checks of the Banker’s Trust Company of New York. Section 170.30 of the Penal Law reads, in pertinent part, as follows: “A person is guilty of criminal possession of a forged instrument in the first degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.15.”
Section 170.15 of the Penal Law reads as follows:
“A person is guilty of forgery in the first degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
*877 “1. Part of an issue of money, stamps, securities or other valuable instruments issued by a government or governmental instrumentality; or
“2. Part of an issue of stock, bonds or other instruments representing interests in or claims against a corporate or other organization or its property.”
Clearly, the possession of counterfeit bank checks does not meet the requirements of subdivision 1 of section 170.15 of the Penal Law, which by its terms is limited to instruments issued by a government. It is the People’s position, that counterfeit bank checks of an incorporated commercial bank, satisfy the requirements of subdivision 2 of section 170.15 of the Penal Law, since they represent “claims against” a corporation. No case is cited which supports said contention.
Bank checks or cashier’s checks are commercial or written instruments, not intended to be covered by subdivision 2 of section 170.15 of the Penal Law and prosecution for counterfeit bank checks lies under subdivision 1 of section 170.10 of the Penal Law, forgery in the second degree, or section 170.25 of the Penal Law, criminal possession of a forged instrument in the second degree, both of which are class D felonies. Conspiracy to commit a class D felony is a class A misdemeanor. Thus, Korsen is not a predicate felony offender as defined by the Penal Law, as his prior conviction could only be considered a misdemeanor conviction for purposes of sentencing in this State.
The crucial issue is whether the Legislature intended to have bank checks fall within the parameters of subdivision 2 of section 170.15 of the Penal Law as “instruments representing interests in or claims against a corporate or other organization or its property.” While there is no case law interpreting said subdivision, Hechtman (Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 170.15, p 289) states as follows: “This first degree crime is, as indicated, confined to counterfeiting of money, stamps and comparable government issued instruments, and of corporate stock certificates, bonds and the like (cf. former Penal Law §§ 884 [3, 5], 892).” (Emphasis supplied.)
*878 Thus, at first blush, it seems clear that subdivision 2 of section 170.15 of the Penal Law was meant to cover corporate stock certificates, bonds and various other items of this specific nature, which were not listed ad seriatum in the statute. The court finds that this subdivision is limited to corporate securities such as stocks and bonds that are normally traded on a securities exchange or an over-the-counter market and does not include commercial instruments such as checks, bank or otherwise.
Section 170.15 of the Penal Law is derived from section 884 of the Penal Law of 1909. Subdivision 5 of that section specifically included bills of exchange, drafts and checks, as instruments whose forgery was forgery in the first degree. Their omission from the present section cannot be assumed to have been merely accidental.
The People’s argument that bank checks, which are commercial instruments as a matter of law (People v Smith, 91 Misc 2d 300), fall within this subdivision, would lead to the conclusion that the forgery of any corporate checks would be a forgery in the first degree. The court has not been cited to any authority which would warrant its reaching such conclusion.
As Korsen’s prior Federal conviction may only, for purposes of sentencing in this State, be considered a prior misdemeanor conviction, he is not a second felony offender in this State pursuant to section 70.06 of the Penal Law, and the motion to controvert is granted.