■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY TEIXEIRA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Owens, J.), rendered May 14, 1982, convicting him of attempted robbery in the first degree, criminal mischief in the fourth degree, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and sentencing him as a persistent violent felony offender to concurrent terms of imprisonment of 10 years to life upon the attempted robbery conviction and one year on the convictions for criminal mischief and criminal possession of a weapon.

Judgment modified, on the law, by vacating the sentence imposed upon the conviction for attempted robbery in the first

degree and the determination that defendant is a persistent violent felony offender. As so modified, judgment affirmed and the matter is remitted to Criminal Term for a hearing and determination on the issue of whether defendant's prior 1972 conviction in the State of New Jersey satisfied the definition of a violent felony offense contained in the Penal Law (Penal Law § 70.04 [1] [b] [i]).

The People sought to have defendant sentenced on his present conviction as a persistent violent felony offender through the use of a 1972 felony conviction in the State of New Jersey and a 1975 felony conviction in New York. Defendant challenged the People's attempt to use the 1972 felony conviction in New Jersey as a predicate violent felony. Accordingly, it was incumbent upon the court to determine whether the 1972 felony conviction in the State of New Jersey satisfied the definition of a violent felony offense contained in the Penal Law (Penal Law § 70.02 [1]; § 70.04 [1] [a], [b] [i]; § 70.08, [1] [a], [b]; *see also,* CPL 400.15 [7]; 400.16 [2]; *People v Leston,* 117 Misc 2d 712; *People v Seppinni,* 119 Misc 2d 125; *People v Korsen,* 117 Misc 2d 875).

In holding in favor of the People on this specific issue, Criminal Term relied exclusively on the minutes of the sentence imposed upon defendant in 1975, wherein defendant was apprised of his predicate 1972 New Jersey felony conviction and did not, at that time, challenge it.

Criminal Term's reliance on the 1975 sentence minutes was misplaced and erroneous in view of the fact that (1) the violent felony statutes were not enacted in this State until 1978 (L 1978, ch 481) and (2) defendant, therefore, could not have raised in 1975 the specific issue involved herein.

Accordingly, defendant's sentence as a persistent violent felony offender must be vacated and the matter remitted for a hearing on this issue and appropriate resentencing.

We have examined defendant's remaining contentions and find them to be without merit (Penal Law § 15.25; *People v Jones,* 27 NY2d 222, 228-229; *People v Cintron,* 74 AD2d 457; *People v Morse,* 62 NY2d 205). Titone, J. P., Mangano, Gibbons and O'Connor, JJ.; concur.