Burke, J.
The issue presented on this appeal is whether a defendant, who allegedly was not apprised of his statutory right to attack the constitutionality of his two predicate-felony convictions at the time of his resentencing for his third-felony conviction, is entitled to be resentenced or, alternatively, to a hearing, when his petition for a writ of error coram nobis is factually bare to support his allegation of the unconstitutionality of the predicate convictions.
The essential facts are not in dispute. In 1947, respondent Spencer entered a plea of guilty for the crime of attempted burglary in the third degree and, in 1952, entered a plea of guilty for the crime of grand larceny in the second degree. In neither case did respondent appeal. These were the predicate-felony convictions for respondent’s 1957 plea of guilty of robbery in the first degree and sentence as a third-felony offender to a term of imprisonment of 45 to 60 years. A Montgomery hearing was held and on November 19, 1969, respondent was resentenced nunc pro tunc as of June 26, 1957 on his plea of guilty to the crime of robbery in the first degree as a third-felony offender. The judgment was affirmed by the Appellate Division, Second Department, and permission denied to appeal to the Court of Appeals.
On May 6,1971, respondent instituted a coram nobis proceeding seeking a hearing and resentence from the 1969 resentence and from the 1947 and 1952 sentences. The petition was denied without a hearing by Supreme Court and the Appellate Division, Second Department, reversed holding that ‘ ‘ defendant is entitled to a hearing on the issue of whether, on sentence, he was advised of his right to challenge predicate convictions
*449 The order of the Appellate Division should be reversed and the order of the Supreme Court should be reinstated.
Citing People v. Wilkins (28 N Y 2d 213) and People v. Jones (17 N Y 2d 404), respondent argued in his petition that he is entitled to a hearing and resentence because (1) he was not informed of his right to appeal his predicate-felony convictions and (2) he was not informed of his right to attack the constitutionality of his predicate-felony convictions (former Penal Law, § 1943, now CPL 400.20).
On this appeal, the principal argument advanced is that respondent should be resentenced because he was not advised of his right to attack the constitutionality of his predicate-felony convictions at the time of his sentencing in 1957 and of his resentencing in 1969. Respondent contends that this statutory right cannot be dispensed with and analogizes to People ex rel. Colan v. La Vallee (14 N Y 2d 83, 86 [a defendant before entering plea of guilty must be warned that crime charged against him warrants additional punishment if defendant has á previous conviction]) and People ex rel. Emanuel v. McMann (7 N Y 2d 342, 344 [requirement that defendant have proper allocution pursuant to section 480 of the Code of Criminal Procedure is a substantial legal right and cannot be waived]).
The People, on the other hand, concede that in 1957, respondent was not advised of his rights because, at that time, there was no requirement that a defendant be so warned. The People further contend that (1) no dispute of fact is raised in the coram nobis petition warranting a hearing (cf. People v. White, 309 N. Y. 636, 640-641) and (2) the rationale of People v. Lynn (28 N Y 2d 196) should be applied to the situation at bar.
Initially, it is to be noted that all three convictions were obtained following guilty pleas and that the respondent’s coram nobis petition is completely devoid of any constitutional issues by which respondent may attack his two predicate-felony convictions. Essentially, the thrust of respondent’s petition is that respondent, at the time of resentencing, was allegedly not advised of his right to attack the constitutionality of his predicate-felony convictions. However, the only defect that respondent alleges was that he was not advised of his right to appeal (see People v. Montgomery, 24 N Y 2d 130). People v. Lynn (28 N Y 2d 196, 204-205) puts that contention to rest: “ where *450 a defendant has pleaded guilty it is not enough that he allege a failure to have been advised of his right to appeal. He must also show that at that time he had a genuine appealable issue which he might have raised had he been advised of his right to appeal.”
What, then, is left to the coram nobis petition is that at the time of resentence in 1969—which, we note, was pursuant to a Montgomery hearing—respondent was not advised of his right to attack predicate-felony convictions under section 1943 of the former Penal Law. The petition itself, however, lacks facts to support any charge of unconstitutionality and as was stated in People v. White (309 N. Y. 636, 641) “ the defendant is not entitled to a hearing on charges lacking factual support.” The admitted failure to apprise the respondent in 1957 prior to the 1964 amendment of section 1943 has previously been held not to be ‘‘ a failure of due process which would give rise to the right to be resentenced only because of such failure. ’ ’ (People v. Simari, 34 A D 2d 878; see, also, People v. Murray, 25 A D 2d 948.)
Recently, in People v. Robinson (38 A D 2d 821) a situation somewhat similar to the case at bar was presented. There, in a coram nobis proceeding, defendant claimed on resentence that he was not advised of his right to attack the constitutionality of a prior conviction — a claim clearly rebutted by the resentencing minutes. The majority at the Appellate Division, First Department, went on to write that: “ To the extent that attack is made upon the order appealed from, notwithstanding the claimed unconstitutionality of his prior conviction, it is observed that this claim of unconstitutionality is predicated upon bare conclusory allegations, devoid of facts which, if proven, would be grounds for coram nobis relief. Absent some corroboration, or some indication as to precisely what is claimed to be unconstitutional about the predicate felony, a hearing would serve no useful purpose.” As noted, respondent’s petition lacks factual allegations to support a claim of unconstitutionality of his predicate-felony convictions and under People v. White (309 N. Y. 636, supra), a hearing is not warranted.
The People press for extending the Lynn rationale, i.e., a showing of a genuine appealable issue, to the situation at bar. Such an extension makes eminent sense. Respondent is a third-felony offender, not unwise to the criminal justice process, who *451 seeks a resentence and a hearing when he entered pleas in satisfaction on all three indictments (1947, 1952, 1957) without as much as advancing one single cognizable constitutional issue in support of his attack on his two predicate-felony convictions. Under such circumstances, a hearing is unwarranted and is an utter waste of valuable judicial time. A reversal here further conserves judicial economy.
Accordingly, the order of the Appellate Division should be reversed, and the order of the Supreme Court should be reinstated.
Chief Judge Fuld and Judges Breitel, Jasen, Gabrielli, Jones and Wachtler concur.
Order reversed, etc.