■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN A. HARLEY, JR., Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered April 18, 1975, upon a verdict convicting defendant of the crimes of attempted rape in the first degree and assault in the third degree. Defendant was indicted, tried and convicted of the crimes of attempted rape in the first degree and assault in the third degree. Thereafter, pursuant to CPL 400.21 (subd 2), a statement was filed by the District Attorney, charging defendant with having previously been convicted of burglary, third degree, a Class D felony. Defendant was sentenced on his conviction of attempted rape to an indeterminate term of not less than 7½ and not more than 15 years, and, on his conviction of assault, to a term of one year. On this appeal he raises four issues, urging reversal. Initially, defendant contends that there is insufficient evidence to support the conviction of attempted rape. We disagree. The testimony of the remarks made by defendant, together with the physical abuse inflicted upon the victim under the circumstances, clearly justified the jury's verdict of attempted rape. Defendant further contends that the court erred in receiving certain evidence; that the charge to the jury was inadequate; and, finally, that the court failed to conduct a hearing in compliance with CPL 400.21 (subd 7, par [a]). Each of these contentions lacks merit and only the final one requires comment by us. The record reveals that the prosecution filed the predicate felony information and a certified copy of conviction. The Trial Judge thereafter offered to issue any process which might be requested by defendant to establish the facts concerning his allegations of unconstitutionality, but defendant declined. Defendant's claim of unconstitutionality of his predicate felony conviction is based on bare conclusory statements. He had the burden of establishing the unconstitutionality of the previous conviction by factual support *(People v Spencer,* 32 NY2d 446). Considering the record in its entirety, we are of the view that defendant did not sustain his burden and the presumption of the validity of the previous conviction was not overcome. The judgment, therefore, should be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Reynolds, JJ., concur.