OPINION OF THE COURT
Allen Murray Myers, J.
Defendant John Rosello is before me for sentencing. He was convicted on April 13, 1978 of the crime of criminal possession of a weapon in the third degree, a class D felony. The District Attorney has requested that he be sentenced as a persistent felony offender under section 70.10 of the Penal Law and CPL 400.20.
The defendant has opposed the proposed sentencing on various grounds. Under the provisions of CPL 400.20 (subd 3), an order was filed directing a hearing after the filing of a "statement of the court” reciting the defendant’s previous convictions and the factors in his background relevant to this court in deciding whether to sentence him as a persistent felony offender to extended incarceration and lifetime supervision. Notice was sent to the defendant under the provisions of CPL 400.20 (subd 4).
I. PRIOR CONVICTIONS
Section 70.10 of the Penal Law defines a persistent felony offender as follows:
"1. Definition of persistent felony offender.
"(a) A persistent felony offender is a person * * * who stands convicted of a felony after having previously been convicted of two or more felonies, as provided in paragraphs (b) and (c) of this subdivision.
"(b) A previous felony conviction within the meaning of *965 paragraph (a) of this subdivision is a conviction of a felony in this state, or of a crime in any other jurisdiction, provided:
"(i) that a sentence to a term of imprisonment in excess of one year, or a sentence to death, was imposed therefor; and "(ii) that the defendant was imprisoned under sentence for such conviction prior to the commission of the present felony; and "(iii) that the defendant was not pardoned on the ground of innocence.”
CPL 400.20 (subd 5) states: "Burden and standard of proof; evidence. Upon any hearing held pursuant to this section the burden of proof is upon the people. A finding that the defendant is a persistent felony offender, as defined in subdivision one of section 70.10 of the penal law, must be based upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to the trial of the issue of guilt.”
On September 29 and November 19, 1978, a hearing was held before me at which the defendant orally controverted the "statement of the court” and said he wished to present evidence in his behalf after the court inquired whether he desired to do so. The following facts were adduced.
On October 14, 1960, in New York County, defendant John Rosello was convicted of the crimes of first degree robbery, grand larceny and assault in the second degree. He received a sentence of zero to five years and was paroled after serving three years. Defendant admitted this conviction and prison term, but claimed that the conviction was constitutionally infirm because he should have received youthful offender treatment from the then sentencing Judge.
On November 20, 1975, in Bronx County, after he was indicted for murder in the second degree and felony possession of a weapon, defendant was convicted of attempted manslaughter in the second degree, and was sentenced to zero to five years. He served two years and was paroled on March 4, 1977. Defendant admitted this second conviction, sentence and the prison term.
' These two felony convictions, sentences and terms of imprisonment provide the prerequisite for a finding, by legally sufficient proof beyond a reasonable doubt, that defendant is a persistent felony offender under section 70.10 (subd 1, par [b]) of the Penal Law, and I so find.
As to the first felony conviction in 1960, when defendant *966 Rosello was 17 years old, defendant contends that because of his age, he was eligible for youthful offender treatment, and that he did not receive such treatment. He claims that his failure to receive youthful offender treatment indicates that the sentencing court did not consider treating him as a youthful offender, and that an inference can be made from this fact that he did not receive adequate representation by counsel. He claims that he was thereby deprived of due process. Defendant offers no evidence of this claimed deprivation of adequate counsel in 1960, except that there is no record of a request for youthful offender treatment on the record of that proceeding. There was some off-the-record conversation at the side bar, but no mention of youthful offender treatment on the record.
Previously I held at our hearing, and I reiterate here, that this contention is without merit. There is a strong presumption of regularity in court proceedings (see Richardson, Evidence [10th ed], § 72). Because defendant has come forward with no positive evidence to overcome the presumption of regularity except pure surmise, I found and now find again that defendant has shown no constitutional infirmity in that conviction. There is evidence that defendant had once before, in 1958, received youthful offender treatment after conviction for an assault and possession of a weapon. It is as reasonable to suppose that this was in the sentencing Judge’s mind as it is to surmise that the Judge did not consider the possibility of giving a 17 year old who was before him for sentencing youthful offender treatment. Mere eligibility for youthful offender treatment does not mandate that it be given. That is a discretionary matter.
Defendant offers no evidence to overcome the presumption of regularity or to uphold any claim of deprivation of due process in the 1960 conviction. The record is silent as to the factors that were considered in sentencing the defendant at that time. There are numerous possibilities, including the possibility that it was used as a plea bargaining tool (see People v Woodman, 94 Misc 2d 266, 270). We cannot assume a lack of adequate representation by counsel or a lack of due process based on a silent record and no positive evidence as to any irregularity in the previous proceeding. (People v Spencer, 32 NY2d 446; People v Harley, 52 AD2d 698.)
I find, therefore, the requirement under subdivision 1 of section 70.10 of the Penal Law that a persistent felony of *967 fender is a person who stands convicted of a felony after having been previously convicted of two or more felonies, and the requirement of CPL 400.20 (subd 6) that these convictions must be constitutionally obtained, have been satisfied.
II. HISTORY AND CHARACTER OF THE DEFENDANT
We now proceed to the second part of section 70.10 of the Penal Law. Subdivision 2 requires that in addition to finding that the defendant is a persistent felony offender, in order to impose an extended sentence upon defendant, the court must find that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration and lifetime supervision will best serve the public interest. Only then may the defendant be sentenced for a class A-l felony. The court’s findings must be set forth in the record. CPL 400.20 (subd 5) provides that matters of the defendant’s history and character "may be established by any relevant evidence, not legally privileged, regardless of admissibility under the exclusionary rules of evidence, and the standard of proof with respect to such matters shall be a preponderance of the evidence.”
The evidence shows that defendant Rosello has a long history of violent criminal behavior spanning 20 years and beginning when he was 17 years old. On March 3, 1958, defendant was granted youthful offender status when he was convicted of assault and possession of a weapon. Defendant admits this conviction.
In August of 1960, defendant was indicted for the crimes of robbery in the first degree, assault and grand larceny. Defendant was accused of being armed with a pistol, robbing, assaulting and injuring the victim. Defendant was convicted of these charges. Defendant admits this conviction.
Within two months after being released on parole in 1963, defendant was charged with a homicide in The Bronx. This case was dismissed, not on the merits.
On May 29, 1969, defendant Rosello and three others were indicted for felony possession of a weapon. Defendant Rosello pleaded guilty to a misdemeanor possession of a weapon and, in the course of taking the plea, admitted ownership of a gun. Defendant now admits this conviction.
On May 16, 1970, while the preceding litigation involving the gun charge was still pending, the defendant was arrested *968 and charged with selling heroin to an undercover police officer. Subsequent laboratory analysis revealed that the substance was cocaine. Defendant pleaded guilty to criminal possession of a controlled substance in the sixth degree, a class A misdemeanor. Defendant admits this conviction.
In 1973, John Rosello was charged with two homicides, one homicide in The Bronx, which resulted in his second felony conviction, as previously described, and one homicide in Manhattan. The Manhattan indictment was dismissed as a result of a technical error in dating the charge. The court ruled that it was too late in the course of the proceeding to amend the indictment to correct the date on which it was charged the murder was committed, and the indictment was dismissed. Defendant admits this dismissal was not on the merits.
On May 1, 1977, the defendant was indicted for shooting one Julio Perez, a witness against him in a previous case. This case was dismissed not on the merits.
This defendant has exhibited a persistent and protracted career in crime. Upon the record of his arrests and convictions, he represents a continuing threat to society.
The crime for which the defendant was found guilty on April 13, 1978, and for which he is to be sentenced by me, occurred while the defendant was on parole. It stemmed from the following circumstances.
On April 2, 1977, at a little past midnight, in response to a police radio alarm that a shootout was taking place in the "200” block of East 110th Street, Sergeant Edward Stoker, Police Officer Richard Bier and other police officers arrived at that location. Defendant was observed in a hallway in the possession of a gun, bleeding from an arm. When the defendant saw the police he turned around and ran into the hallway and up the stairs of 233 East 110th Street, with Sergeant Edward Stoker, Police Officer Richard Bier and a Detective Gallo in pursuit. When the defendant reached the top and the police officers were at the bottom of this flight of stairs, the defendant swerved around with a loaded revolver in his hand and pointed it down at Sergeant Stoker. At that point Sergeant Stoker fired his own revolver at the defendant, but missed him. When the defendant saw that he was faced by three officers instead of one, he turned, ran up the stairs and threw the gun out of an open window. The gun was retrieved. Defendant was subsequently convicted of criminal possession óf a weapon in the third degree.
*969 This court agrees with the Probation Department’s report that defendant is a confirmed criminal. He is a dangerous individual who shows little prospect for a future healthy adjustment to society. His history and character indicate that extended incarceration and lifetime supervision will best serve the public interest. He should be sentenced to an extended sentence as a persistent felony offender.
III. CONSTITUTIONALITY
In addition to defendant’s arguments, as previously discussed herein, defendant submitted a brief contending that CPL 400.20 is unconstitutional. He claims first that CPL 400.20 is unconstitutional on its face because it does not provide procedural due process as called for in the United States Supreme Court case of Specht v Patterson (386 US 605). He claims second that this defendant did not receive due process at the hearings because this court considered convictions that were 20 years old in determining defendant’s history and criminal character. He claims third that the People have not shown by a preponderance of the evidence that defendant’s history and character and the circumstances of his criminal conduct warrant a persistent felony sentence.
Defendant argues that Specht v Patterson (386 US 605, supra) and Hollis v Smith (571 F2d 685) require more procedural due process than defendant now receives under the procedures specified in CPL 400.20.
The exact nature of defendant’s claim under Specht v Patterson (supra) is unclear from his brief. He never states specifically which procedures under CPL 400.20 are open to constitutional question or what is omitted from the procedure thereby depriving defendant of "substantial due process”.
The Specht case held that in a separate proceeding under a Colorado sex offenders statute, where the court relied for its determination solely upon a psychiatric examination and a psychiatric report without holding a hearing or allowing the defendant the right of confrontation, the petitioner was denied due process.
In dicta, the Specht case reiterated the rules previously laid down for proceedings under recidivist statutes where the "habitual criminal” issue has been tried as a separate issue, as in our case. Those rules, derived from earlier Supreme Court cases, provide that there must be a separate hearing on *970 which a defendant must receive reasonable notice and an opportunity to be heard (Graham v West Virginia, 224 US 616; Oyler v Boles, 368 US 448; Chandler v Fretag, 348 US 3). "Due process * * * requires that he be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. And there must be findings adequate to make meaningful any appeal that is allowed” (Specht v Patterson, 386 US 605, 610, supra). These rights are precisely the rights afforded a defendant in CPL 400.20. A reading of that statute indicates clearly that, on its face, CPL 400.20 complies with the due process requirements of Specht v Patterson (supra). Furthermore, a reading of the minutes of the hearings held in the instant case shows that this defendant received all of these due process rights at the hearing.
The other case relied on by defendant to show that in some way CPL 400.20 does not meet constitutional standards is Hollis v Smith (571 F2d 685, supra). In that case, in discussing a New York sex offender statute, not a recidivist statute, the Second Circuit Court of Appeals held (p 695) that the hearing court must find by "clear, unequivocal and convincing evidence” that the defendant was capable of being benefited by confinement or was a danger to society.
The Hollis court never specifically discussed the "preponderance of the evidence” standard as indicated by CPL 400.20 (subd 5). It only said that a court must use more than "some basis” for its finding that a person was dangerous. It preferred the "clear, unequivocal and convincing evidence” standard (see Hollis v Smith, supra, p 695).
However, in a later case decided by the same Second Circuit Court of Appeals in March of 1978 (United States v Warme, 572 F2d 57), the court in discussing a recidivist statute, rather than a sex offender statute, as in Hollis, held that the Trial Judge could rely on the defendant’s multiple convictions and a conclusion in a presentence report that his prognosis for improvement was poor, in order to find defendant dangerous and subject to extended confinement. Certiorari was denied by the United States Supreme Court (435 US 1011). This is exactly the same evidence relied upon by this court in our case.
Other Federal Circuit Courts of Appeals have upheld the proof of "dangerousness” by a "preponderance” of the information before the trial court. (See United States v Williamson, *971 567 F2d 610; United States v Bowdaeh, 561 F2d 1160; United States v Stewart, 531 F2d 326; United States v Neary, 552 F2d 1184.) It would be difficult if not impossible to prove future conduct beyond a reasonable doubt. (See discussion in Hollis v Smith, supra, p 695; Tippett v Maryland, 436 F2d 1153, 1165.)
What is the meaning of "clear and convincing evidence”? Richardson indicates that the term is none too clear. (Richardson, Evidence [10th ed], § 77.) It has been said that this requirement imposes a standard stricter than the mere preponderance of evidence rule and yet is not as strict as the beyond a reasonable doubt standard applied in criminal cases. (Commissioner of Public Welfare of City of N. Y. v Ryan, 238 App Div 607, 607-608.) Richardson appears to adopt the position that "clear and convincing evidence” is the same as proof "beyond a reasonable doubt”.
Judge Jack B. Weinstein of the United States District Court, Eastern District, in a recent case, United States v Fatico (458 F Supp 388) finds that it is a slightly lower standard than "beyond a reasonable doubt”.
Hollis v Smith (571 F2d 685, supra) does not give us an adequate guideline of standards of proof. It says on the one hand that "beyond a reasonable doubt” is not the proper standard, while on the other hand "clear, unequivocal and convincing” proof is. It does not define the distinction in these standards.
I find, however, that in our case these distinctions in standard of proof are academic. I find that whether the standard is "preponderance of the evidence”, "clear, unequivocal and convincing” proof or even "proof beyond a reasonable doubt”, the prosecution in our case has met any and all of them. Even assuming that Hollis v Smith (supra) is not distinguishable (which it is), and that it stands for the proposition that the standard of proof of defendant’s history and character required under CPL 400.20 should be "clear, unequivocal and convincing evidence”, and not a "preponderance of the evidence”, as required in CPL 400.20 (subd 5) there is no doubt that the actual finding in our case meets the Hollis standard, even if that standard were "beyond a reasonable doubt”.
There is in our case without a doubt "clear, unequivocal and convincing evidence” that this defendant has been a menace and a danger to society and that extended incarceration and lifetime supervision will best serve the public interest. The facts underlying his admitted convictions alone indicate a 20- *972 year involvement with violence and weapons which it is reasonable to infer will continue unabated unless the defendant is incapacitated by incarceration.
Defendant argues that because three of defendant’s six or seven admitted offenses occurred more than 20 years ago, the court could not find by a preponderance of the evidence or by clear and convincing proof that defendant is a persistent felony offender, and that if it did, such a finding would violate due process. There is no basis in logic for such an argument. It is precisely because of defendant’s long and unbroken history of violence that the court makes its findings.
The court has taken more into account than the 1960 conviction for robbery, grand larceny and assault, and the 1958 youthful offender conviction for assault and weapon possession. The court has taken into account the nature of all the crimes charged and the underlying facts in all of the charges. Defendant has almost always been involved with deadly weapons and causing bodily harm to others. For example, see his 1969 plea of guilty to a misdemeanor; also see indictment in 1973 for murder. In 1975, he was convicted for attempted manslaughter in the second degree.
We have recited defendant’s history previously. There is no question that by legally sufficient proof beyond a reasonable doubt this defendant is a persistent felony offender within the meaning of CPL 400.20 (subd 5) and section 70.10 of the Penal Law.
We hold that defendant was afforded due process within the meaning of Specht v Patterson (386 US 605, supra) and Hollis v Smith (571 F2d 685, supra), not conceding that these cases are, indeed, applicable. He certainly was afforded due process within the standards of United States v Warme (572 F2d 57, supra).
We find that defendant is a persistent felony offender within the meaning of section 70.10 of the Penal Law. This court is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision are warranted to best serve the public interest within CPL 400.20.
He will be sentenced accordingly.