OPINION OF THE COURT
Daniel F. McMahon, J.
On February 17,1982, this defendant was served prior to sentencing with a predicate felony statement. He re *2 quested and was granted an adjournment to contest this statement and, on February 22, 1982, a hearing was -held to determine whether this defendant should be sentenced as a predicate felon.
The predicate felony statement served by the People alleges a conviction for criminal sale of a controlled substance in the fifth degree on January 18, 1978, and a sentence of six months imposed on February 24,1978. The defendant Bishop alleges that, although he was the person convicted of that crime at that time and place, he was an eligible youth at the time of his plea. He argued that he was eligible for youthful offender treatment, that this had not been communicated to him and the court’s reasoning for not granting youthful offender treatment should have been placed on the record.
The certificate filed by the People pursuant to CPL 400.21 does not allege that the defendant was found to be a youthful offender. In support of his position, the defendant cites People v Taylor (86 Misc 2d 445) and urges upon this court that, since he was eligible for youthful offender treatment in 1978, that if not so adjudicated the reason had to be reflected on the record. This court does not agree.
Initially, the court would find that there is a strong presumption of regularity in court proceedings (see Richardson, Evidence [10th ed], § 72). A review of the New York County file in question does not reveal any indication that this defendant was promised youthful offender treatment. In fact, the file is silent on the subject of youthful offender. The defendant has produced nothing which would overcome the presumption of regularity.
It should be noted that in 1977, the defendant was accorded youthful offender treatment on a separate misdemeanor matter. Moreover, it further appears that in 1977 the defendant was found to bre a youthful offender on a felony charge. These instances would indicate that the defendant was not eligible for youthful offender treatment.
At the time of the sentence being contested, the file indicates that Judge Dontzin imposed his sentence to run consecutive to an earlier sentence imposed on Docket No. *3 782841/77. A review of the defendant’s record indicates that the previous sentence could only have been the 1978 felony youthful offender adjudication, as two intervening arrests in between the 1977 youthful offender and the sentence in question resulted in a dismissal and an unreported disposition. Thus, the court can safely rely on the presumption of regularity to the effect that Judge Dontzin was aware of the defendant’s age, prior record and the law and did not grant youthful offender status.
The Taylor case relied upon by the defendant does lend support to his position. In that case, nothing contained in the probation report, plea or sentence minutes referred to the defendant’s eligibility as, a youthful offender. Moreover, the sentencing Judge (since retired) had no recollection of the matter. The learned Justice in his decision held that silence prevented it from being a predicate for a sentence which he imposed. No other authority can be found supporting this concept. In any event, the instant case is distinguishable.
There have been no allegations set forth which would show that either the defendant’s prior counsel or the sentencing court was unaware of his potential youthful offender status. (People v Woodman, 94 Misc 2d 266.) As was succinctly stated in People v Rosello (97 Misc 2d 963, 966): “We cannot assume a lack of adequate representation by counsel or a lack of due process based on a silent record and no positive evidence as to any irregularity in the previous proceeding. (People v Spencer, 32 NY2d 466; People v Harley, 52 AD2d 698.)” (Emphasis added.)
Quite to the contrary, by imposing a consecutive sentence, it is clear that the Judge was well aware of the defendant’s status. More importantly, the court would note that this defendant was not eligible for youthful offender treatment in 1978. He had already been adjudicated as a youthful offender on a felony in 1977. CPL 720.10 (subd 2), as it existed in 1978, was quite clear that an eligible youth could not include one who was previously accorded this treatment for a felony.
In short, it is the finding of this court that the People have met their burden of proof and have established that *4 the defendant is a predicate felon as defined by subdivision 1 of section 70.06 of the Penal Law. Accordingly, he will be sentenced as a predicate felon.