OPINION OF THE COURT
Herbert I. Altman, J.
Defendant, having pleaded guilty to the crime of criminal possession of a weapon in the third degree, controverts the predicate felony statement filed by the People pursuant to CPL 400.15 (subd 2) on the grounds that (1) to sentence him as a second violent felony offender would be violative of the due process and ex post facto clauses of the United *713 States Constitution, as well as the due process clause of the State Constitution and (2) the predicate felony offense relied upon by the People was unconstitutionally obtained.
I
Defendant’s first ground is rejected. The People’s reliance upon a conviction which was obtained prior to the effective date of the violent felony legislation does not violate defendant’s due process rights or the ex post facto prohibition. Such reliance serves only to enhance defendant’s sentence for his present crime and not to “retroactively increase the penalty” for the predicate offense. (People v Dippolito, 88 AD2d 211, 215; see, also, People v Mangiapane, 87 AD2d 851; People v Pray, 50 AD2d 987.)
II
With regard to his second ground, defendant contends that his 1976 conviction of manslaughter in the first degree, upon which the People rely as the basis for sentencing him as a predicate violent felony offender, was not constitutionally obtained and, consequently, cannot serve as the basis for sentencing him as a second felony offender (see CPL 400.15, subd 7, par [bj). Specifically, he states that “concerning my plea of guilty in that case * * * I do not remember the name of the judge, what I said happened, or giving up any legal rights.” The plea minutes of the 1976 proceeding have been lost and, accordingly, there exists no record of that proceeding.
A hearing was held before me with regard to defendant’s allegation that the 1976 plea was unconstitutionally obtained (see CPL 400.15, subd 5). At that hearing, the People called one witness, Acting Supreme Court- Justice Harold J. Rothwax, the Justice who presided at the taking of the plea in 1976. Justice Rothwax testified that he had no specific recollection of the 1976 proceeding; however, he did testify as to his “unvarying practice” in accepting guilty pleas. Such practice, he testified, always includes his advising a defendant of those constitutional rights which he waives by a guilty plea. The defense did not call any witnesses.
The controlling statute, CPL 400.15, is far from clear with regard to the central issue presented, to wit: which *714 party bears the burden of proof when a challenge is raised as to the constitutionality of a previous conviction which the People seek to utilize for purposes of enhanced punishment of a defendant as a second violent felony offender. The statutory scheme for procedures to be utilized in determining whether a defendant is to receive enhanced punishment for the commission of a felony after one or more prior felony convictions consists of a series of counterpart statutes, all of which contain essentially the same language. These include not only CPL 400.15 (second violent felony offender), at issue here, but additionally CPL 400.16 (persistent violent felony offender), CPL 400.20 (persistent felony offender) and CPL 400.21 (second felony offender).
CPL 400.15 (subd 7, par [a]) provides that at a hearing held when a defendant controverts the People’s allegations that he has previously been convicted of a violent felony offense: “[t]he burden of proof is upon the people and a finding that the defendant has been subjected to a predicate violent felony conviction must be based upon proof beyond a reasonable doubt”. The next paragraph addresses a defendant’s right to raise a constitutional challenge to a previous conviction at such a hearing and provides: “[a] previous conviction * * * which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate violent felony conviction.” (CPL 400.15, subd 7, par [b].) However, no reference is made in either paragraph (a) or (b) of subdivision 7 as to the applicability of the burden-of-proof language contained in paragraph (a) to the constitutional challenge language contained in paragraph (b).
This lack of clarity contrasts with the explicitly stated burden-of-proof provision contained in CPL 440.30, which sets forth the procedure for moving to vacate a judgment or set aside a sentence. That statute provides that on such a motion, the grounds for which include constitutional challenges (see CPL 440.10, subd 1, par [h]; 440.20, subd 1), a “defendant has the burden of proving by a preponderance *715 of the evidence every fact essential to support the motion.” (CPL 440.30, subd 6.)
A uniform interpretation has not emerged from those courts which have considered the issue of which party must bear the burden of proof with regard to a defendant’s constitutional challenge of a previous conviction under those statutes which set forth the procedure for determining whether a defendant is a multiple felony offender. Some courts have apparently found the statutes to be unambiguous and have imposed the burden of proof on the People to prove the constitutionality of a previous conviction (see, e.g., People v Thompson, 60 AD2d 765; People v Hannibal, NYLJ, Sept. 21, 1981, p 13, col 3; People v Taylor, 86 Misc 2d 445). Other courts, however, have seemingly encountered problems with the statutory language and have construed that language so as to place the burden upon the defendant to prove the unconstitutionality of a previous conviction (see People v Bonk, 83 AD2d 695; People v Harley, 52 AD2d 698; People v Abbott, 113 Misc 2d 766; People v Mendez, Supreme Ct, NY County, Index No. 4075/78).
In People v Bonk (supra), the court merely stated in conclusory terms that “[t]he burden of proving [that his prior felony conviction was obtained in violation of his constitutional rights] * * * reposes on defendant.”
In People v Harley (supra), the court found that “the presumption of the validity of the previous conviction was not overcome”, as the defendant had failed to sustain his “burden of establishing the unconstitutionality of the previous conviction by factual support”. The Harley case was thereafter cited by the court in People v Mendez (supra), for the proposition that “the defendant has the burden of proving the unconstitutionality [of a previous conviction] by a preponderance of the evidence”.
People v Abbott (supra, p 781) held that “the burden of establishing the unconstitutionality of the previous conviction by factual support” is upon the defendant. It interpreted (p 780) the burden-of-proof language contained in CPL 400.15 (subd 7, par [a]) and 400.21 (subd 7, par [a]) as applying only when the issue raised is whether (1) the prior conviction qualifies as a predicate or (2) the defen *716 dant is the person so convicted. The court observed (113 Misc 2d, at p 780) that paragraph (b) of subdivision 7 of both statutes involves “a defendant’s right to controvert the constitutionality of a previous conviction” and notes that they “conspicuously [do] not mention burden of proof.” It determined (113 Misc 2d, at p 784), citing People v Harley (supra), that it was “incumbent upon the defendant to initially establish the unconstitutionality of the previous conviction by factual support.”
I find, notwithstanding the analysis of the issue in People v Abbott (supra) that the statute places the ultimate burden of proof as to constitutionality upon the People. As noted, the pertinent portion of CPL 400.15 (subd 7, par [a]) provides that the “burden of proof is upon the people and a finding that the defendant has been subjected to a predicate violent felony conviction must be based upon proof beyond a reasonable doubt”.
To hold, as does Abbott (113 Misc 2d 766, supra), that the burden of proof is upon the People only when the issue is whether the defendant is the person who has previously been subjected to a predicate felony conviction is to ignore the opening clause in the above-quoted language. Rather, it seems to me that, properly parsed CPL 400.15 (subd 7, par [a]), can only be read to mean that at a hearing to determine whether a defendant has a prior conviction which would subject him to enhanced punishment the burden of proof is upon the People and, if the particular issue -involves whether the defendant is the person previously convicted or whether that conviction was in fact of a felony or violent felony, then the level of that burden constitutes proof beyond a reasonable doubt.
This, alone, does not answer the problem presented, for it also seems clear, as indicated in the Abbott and Mendez cases, that the defendant has the burden of coming forward in the first instance with some proof of unconstitutionality. This requirement is compelled by logic. The possible grounds of challenge are too numerous to list. They include the following: inadequate waiver of rights, ineffective assistance of counsel, failure to understand the nature of the plea, jurisdiction of the court, age of the defendant, failure to consider youthful offender status, whether the jury *717 contained the requisite number of persons and possible double jeopardy.
The People are certainly not required to prove that no possible valid challenge exists. Rather, the statute only makes sense if the defendant is required to specify the nature of his challenge and offer some proof in support thereof. It is only at that point that the People’s burden to disprove the challenge becomes operative. Here, the defendant’s challenge to his prior conviction must be denied as he has come forward with no proof in support thereof.
Even were the defendant to have no burden of coming forward, his challenge must fail. Whether the ultimate burden of proof is held to be one of “clear and convincing evidence” or a “preponderance of the credible evidence” (more likely the former; see Addington v Texas, 441 US 418), such burden is met here by the presumption of regularity as buttressed by the testimony of Justice Roth-wax, a conscientious and well-respected jurist.
As noted in People v Richetti (302 NY 290, 298): “[a] presumption of regularity exists only until contrary substantial evidence appears * * * It forces the opposing party [defendant here] to go forward with proof but, once he does go forward, the presumption is out of the case.” (See, also, People v Rosello, 97 Misc 2d 963.)
It may be contended, as did the court in People v Abbott (113 Misc 2d 766, supra), that there should be no difference between the burden of proof on a hearing to.controvert a predicate felony and on a motion to vacate a judgment or set aside a sentence on constitutional grounds. As noted above, the burden of proof on a vacatur motion is upon the defendant. However, the present differing standards are arguably justifiable.
In controverting a predicate felony conviction, a defendant seeks to prevent the People from utilizing a prior conviction for purposes of enhanced punishment. Even if successful in such a challenge, the prior conviction remains in effect; it simply cannot be used to enhance punishment. A postjudgment motion pursuant to CPL article 440, however, seeks to render such prior conviction a nullity. The Legislature may wish to consider whether such an esoteric *718 difference justifies the different burdens of proof which the relevant statutes seemingly impose. „
Consequently, I find that the defendant has been subjected to a predicate violent felony conviction for the reason that he has not come forward with any showing of unconstitutionality. Further, even were it to be held that defendant had no such obligation, the People have met their burden through the presumption of regularity as buttressed by the testimony adduced at the hearing.