*898 OPINION OF THE COURT
Bernard Fuchs, J.
Defendant has pleaded guilty to criminal possession of a weapon in the third degree. He previously pleaded guilty to manslaughter in the first degree on June 2, 1970; robbery in the second degree on June 14, 1972; and robbery in the third degree on November 5, 1975.
The first two previous convictions are for violent felony offenses. Defendant committed the present crime on July 12, 1982. He was incarcerated from January 6, 1976 to July 12, 1978, and from September 19, 1972 to September 18, 1974. Defendant’s sentence on the 1970 conviction was imposed August 13, 1970, more than 10 years before he committed the present crime. The excess has, however, been sufficiently tolled by his periods of incarceration so that the 1970 conviction may form a predicate for defendant’s adjudication as a persistent violent felony offender (Penal Law, § 70.04, subd 1, par [b], cls [iv], [v]).
Defendant challenges only the 1970 conviction as a predicate on which to adjudicate him a persistent violent felony offender (see Penal Law, §§ 70.02, 70.08). The ground for this challenge is that the court did not advise defendant before he pleaded guilty in 1970 of his right to remain silent and to confront and cross-examine witnesses (see Boykin v Alabama, 395 US 238). The People concede this claim and admit that the 1970 conviction was unconstitutional.
After defendant’s conviction in 1975, the People filed a second felony offender statement which specified both the 1970 and 1972 convictions as predicates. Defendant admitted to being a second felony offender, waived a hearing, and was adjudged accordingly. By this action defendant waived his claim that any conviction underlying that adjudication was unconstitutional unless he could show good cause for his failure to assert the claim (CPL 400.21, subd 7, par [b]). The court’s finding in 1975 is “binding upon * * * defendant in any future proceeding in which the issue may arise” (CPL 400.21, subd 8; People v Morcillo, 91 AD2d 1074).
Defendant seeks now to show good cause for his failure in 1975 to challenge the 1970 conviction by alleging that *899 his counsel provided ineffective representation. Since failure to propose such a challenge bespeaks counsel’s ineffectiveness, defendant argues, there was good cause for defendant’s failure to assert the challenge. If defendant is correct, the 1975 sentencing proceeding and the judgment in which it culminated were themselves unconstitutional (Powell v Alabama, 287 US 45; People v Droz, 39 NY2d 457). Any underlying finding that defendant was a predicate felon based on the 1970 conviction may not be permitted now to have the effect of enhancing defendant’s punishment (Baldasar v Illinois, 446 US 222).
The argument is sympathetic even on the facts of the present case and could well prevail if defendant’s 1975 plea had been taken in 1981 or later (People v Pruitt, 83 AD2d 872; cf. People v Lewis, 94 AD2d 670, application for lv to app granted 60 NY2d 592). Under the law as it stood in 1975, however, the mere failure of the court which accepted the 1970 plea to inform defendant of his “Boykin rights” did not vitiate the plea as a predicate for second felony offender status (People ex rel. Woodruff v Mancusi, 41 AD2d 12, app dsmd 34 NY2d 951).
It was sufficient under Mancusi (supra) for the court to determine that the plea was knowingly and voluntarily taken without specific mention of the Boykin rights. No “formal catechism of questions” to defendant was required. The Mancusi court distinguished that case from Boykin (supra) by pointing out that the defendant in Mancusi was represented by counsel throughout the proceedings; they were unhurried, each step following a lapse of at least a week; the court fairly advised the defendant as to the consequences of his plea and by examining defendant determined that the plea was voluntary and intelligent. The court also pointed out that defendant had received the benefit of the plea, satisfaction of a nine-count indictment, by pleading to two counts.
In the present defendant’s 1970 case, he was represented by counsel for six months before he pleaded guilty. More than five months had elapsed since defendant’s arraignment. A transcript of defendant’s allocution reveals that the court fairly advised defendant as to the consequences of his plea and determined that the plea was voluntary and *900 intelligent within the meaning of Mancusi (supra); and defendant benefited from the plea by satisfying an indictment for murder and obtaining the court’s promise of a four-year sentence.
Against this legal and factual background no appropriate Boykin challenge to defendant’s 1970 conviction was available in 1975 to controvert the People’s second felony offender statement. There is, accordingly, no merit in defendant’s argument that his counsel represented him ineffectively (see McMann v Richardson, 397 US 759).
The second felony offender statement filed by the People after defendant’s 1975 conviction specified both the 1970 and 1972 convictions as predicates. Only one was required. Section 70.06 of the Penal Law, as it stood in 1975, defined a second felony offender as “a person who stands convicted of a felony * * * after having previously been subjected to one or more predicate felony convictions”. (Emphasis supplied.) This raises the question whether the court in 1975 relied on one or both of the two earlier convictions in finding defendant a predicate felon and if one, which one.
If the 1975 decision that defendant was a second felony offender rests solely on the 1970 conviction or on both the 1970 and 1972 convictions, defendant (by failure to controvert it) waived his claim that the 1970 conviction was unconstitutional (CPL 400.21, subd 7, par [b]) and is bound by the court’s 1975 finding (CPL 400.21, subd 8). If it rests solely on the 1972 conviction, there was no 1975 finding that the 1970 conviction made him a predicate felon and CPL 400.21 (subd 8) is inapplicable.
The minutes of defendant’s sentencing before Justice Lentol in 1975 cannot be found and Justice Lentol himself is dead. Both official and evidentiary sources which could clarify the 1975 judgment are thus beyond reach.
In form, defendant is controverting the 1970 conviction as a predicate for persistent violent felony offender status on the ground that it was unconstitutionally obtained (CPL 400.15, subd 7, par [b]). The unconstitutionality of the 1970 conviction is, however, not disputed (see People v Alicea, 89 AD2d 872, application for lv to app granted 58 NY2d 826). The real issue is whether the court, in 1975, found the 1970 conviction to be a predicate for its adjudica *901 tion of defendant as a second felony offender. If so, defendant is in effect estopped to challenge the 1970 conviction in this proceeding. The determination of what the court" found is either one of fact or one of interpretation of the 1975 judgment.
Under CPL 400.15 (subd 5) “the uncontroverted allegations” in the People’s present predicate felony statement “are not sufficient to support a finding” that defendant is a persistent violent felony offender. Because defendant controverts the 1970 conviction a hearing is required at which the People have the burden of proof (CPL 400.15, subd 7, par [a]). Whether this includes the burden of proving the constitutionality of the predicate conviction has been a matter of some controversy (cf. People v Abbott, 113 Misc 2d 766; People v Leston, 117 Misc 2d 712). I agree with the reasoning of People v Leston (supra), which reviews the authorities and concludes that the People do have that burden.
In the present case, the constitutionality of the 1970 conviction is not in issue. Do the People also have the burden of proving the estoppel by judgment provided by CPL 400.21 (subd 8)? Since the purpose of the hearing is to determine whether defendant is a persistent violent felony offender and the estoppel issue is part of that determination, the burden of proving any fact essential to the estoppel is on the People (CPL 400.15, subd 7, par [a]).
"At a hearing held August 24, 1983, neither side offered any evidence beyond the documents already referred to. These are in evidence. Neither side is prepared to offer evidence which could reconstruct the 1975 sentencing proceeding.
Without the 1975 sentencing minutes or the testimony of Justice Lentol, all that appears is the 1975 adjudication of defendant as a second felony offender on the basis of a second felony offender statement citing the 1970 and 1972 convictions. Defendant concedes that neither of these convictions was challenged in 1975.
Under the language quoted above from former section 70.06 of the Penal Law, Justice Lentol was free legally to rely on both prior convictions. The fact that neither was challenged is sufficient evidence that he did so. There was *902 no reason for him to pick and choose between them. If the issue of estoppel is one of fact under CPL 4Ó0.15,1 conclude that the People have sustained their burden.
The result is the same if the issue is one of interpretation of Justice Lentol’s 1975 judgment. The only reasonable interpretation of Justice Lentol’s action, absent a challenge to the People’s predicate felony statement in 1975, is that he followed former section 70.06 of the Penal Law and relied on both the 1970 and 1972 convictions in finding defendant a second felony offender. That was the prudent and conservative legal action to take. When a court’s decision may be based on two legal grounds, either of which would justify the decision, both grounds are holdings (Railroad Cos. v Schutte, 103 US 118). By parity of reasoning a judgment which may be based on two factual grounds, either of which would justify it, implies two findings. These findings estop defendant to challenge the constitutionality of the 1970 conviction (CPL 400.21, subd 8), unless there is some reason why the estoppel should not operate in the present case.
In 1975 defendant was alleged to be only a second felony offender. Either the 1970 or 1972 conviction then cited by the People was sufficient to sustain that allegation. A successful challenge of the 1970 conviction would have been pointless because the court would then have come to the same result based on the 1972 conviction.
Even the hazard of still greater enhancement of punishment upon a later conviction would not have prompted a challenge in 1975 to the 1970 conviction. For the 1972 and 1975 convictions alone would have subjected defendant to possible persistent felony offender treatment upon a future conviction (Penal Law, § 70.10). And the violent felony offender statutes were still in the future. It is, therefore, at least arguable that defendant had good cause not to challenge the 1970 conviction in 1975.
There was, nevertheless, a finding implicit in a valid judgment in 1975 that defendant was a predicate felon by virtue of the 1970 conviction. And by the terms of the statute defendant is bound by that finding in this proceeding (CPL 400.21, subd 8).
*903 It could be argued that evidence of good cause not to challenge the 1970 conviction in 1975 should modify the effect of the finding or that CPL 400.21 (subd 8) should be read with a gloss of flexibility implied by the “good cause” language of paragraph (b) of subdivision 7. This argument would be fortified if a literal application of subdivision 8 has an unfair result. But nothing in the statutory language suggests any interaction between paragraph (b) of subdivision 7 and subdivision 8. The stated effect of a finding “entered pursuant to this section” is unequivocal and independent of other subdivisions of section 400.21.
The fact that the waiver under paragraph (b) of subdivision 7 and the finding under subdivision 8 are not mutually dependent in the mechanics of their operation confirms this literal reading of the statute. Paragraph (b) of subdivision 7 requires that a constitutional challenge to a previous conviction be made “in the manner provided herein” i.e., “at any time during the course of the hearing hereunder”. Once the hearing concludes without such a challenge, sentence may be pronounced (absent “good cause”), regardless of any afterthought defendant may present.
If the court finds that defendant is a second felony offender based on the conviction in question, whether challenged or not, defendant is bound by the finding in future proceedings, under subdivision 8. This is without reference to any good cause for a failure to challenge the underlying conviction. The waiver of paragraph (b) of subdivision 7 and the estoppel of subdivision 8 are thus susceptible of full operation without reference to each other. Indeed, there appears to be no limit of time within which a defendant may assert the waived unconstitutionality of a predicate conviction by showing in the same proceeding good cause for his failure to challenge it. But while a judgment remains in effect with its underlying finding that a particular conviction is a predicate for defendant’s second felony offender adjudication, subdivision 8 pursues him with the finding relentlessly into all future cases “in which the issue may arise”.
Since defendant could not have known in 1975 that he needed to challenge the 1970 conviction for purposes which *904 are only now revealed, is it unfair to apply the subdivision 8 estoppel against him? I hold that it is not. He needed to make the challenge (as it now appears) only to prevent enhancement of punishment for a crime that defendant had not yet committed.
To hold the operation of the estoppel unfair in these circumstances would imply that defendant had a right to commit a future crime without enhancement of punishment based on the 1970 conviction if he was not warned in 1975 that a future statute could impose such punishment. There can be no such public policy. In more personal terms, the estoppel is not unfair because defendant had the means to know, on July 12, 1982, when he committed the present crime, that the 1970 conviction would form a predicate for enhancement of his punishment even if it was unconstitutional because CPL 400.21 (subd.8) would estop him to challenge it. He had also the means to avoid that hard fate by not committing the present crime (cf. People v Balfour, 95 AD2d 812).
Defendant’s predicate violent felony convictions were not defined as such by the law applicable when he committed or was sentenced for them. Violent felony offender status came into the law on September 1, 1978, with the adoption of CPL 400.15 and 400.16 and sections 70.02, 70.04 and 70.08 of the Penal Law. But the law did so define these offenses on July 12,1982, when defendant committed the present crime. This leaves no objection to the People’s present reliance on those convictions based on the United States Constitution’s ex post facto clause (People v Aiello, 93 AD2d 864). Neither does any interpretation of section 70.04 of the Penal Law preclude their use as predicate violent felony convictions in the present proceeding (People v Balfour, 95 AD2d 812, supra; cf. People v Crawford, 94 AD2d 950).
Defendant is adjudged a persistent violent felony offender.