■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered May 31, 1983, convicting him of robbery in the first degree (two counts), upon a jury verdict, and sentencing him as a second felony offender to concurrent indeterminate terms of imprisonment of 10 to 20 years. The appeal brings up for review the denial, after a hearing (Agresta, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Judgment affirmed.

On the instant appeal, the defendant argues, *inter alia,* that (1) Criminal Term erred in denying that branch of his omnibus motion which was to suppress testimony regarding the pretrial identification of the defendant by two eyewitnesses, (2) the trial court erred in allowing improper bolstering testimony during the redirect examination of one of the eyewitnesses, and during the direct examination of the investigating police officer and (3) his sentence as a second felony offender was improper, since the predicate felony conviction, obtained by plea of guilty in 1981 in New York County to the crime of criminal possession of stolen property in the second degree, was obtained in violation of his constitutional rights.

We reject the defendant's contentions.

The record clearly demonstrates that the identification procedure employed by the police during a photographic display and a subsequent lineup was devoid of any suggestiveness *(see, People v Kreutz,* 110 AD2d 912). Moreover, the defendant's

counsel was present during the lineup and was given an opportunity to object, which he did not utilize. As the court stated in *People v Adams* (90 AD2d 1, 11): "It contradicts normal experience and common sense to suppose that defense counsel would have remained silent if he had observed that the lineup was so constituted as to point the witnesses unfairly to his client".

With respect to the alleged improper bolstering of the identification of the eyewitness Good, the record indicates that the defense counsel attempted to demonstrate, during cross-examination of the witness, that the witness had confused the defendant with the other perpetrators. Under the circumstances, the People's redirect examination of the eyewitness Good constituted a permissible form of rehabilitation *(see, People v Langert,* 105 AD2d 845). The record also indicates that the investigating officer described the circumstances surrounding the lineup, but never testified that the defendant had been picked out by any of the complainants. Accordingly, this testimony did not constitute improper bolstering in violation of *People v Trowbridge* (305 NY 471).

With regard to the validity of the prior felony conviction, the defendant failed to meet his burden of establishing that he had not been advised, during his 1981 plea allocution, of all the requisite constitutional rights and privileges that he was giving up by his plea *(see,* CPL 400.21 [7] [b]; *Boykin v Alabama,* 395 US 238; *People v Harris,* 61 NY2d 9). Moreover, the record indicates that the defendant's 1981 felony conviction in New York County was utilized as a predicate felony in 1982, when the defendant was convicted in Bronx County, *inter alia,* of the crimes of criminal possession of stolen property in the first and second degrees. Accordingly, the defendant is estopped from attacking the constitutionality of his 1981 guilty plea at this juncture *(see,* CPL 400.21 [8]; *People v Brabham,* 121 Misc 2d 897, *affd* 104 AD2d 1043).

The defendant's remaining arguments are either without merit or are unpreserved for appellate review. Lazer, J. P., Mangano, Bracken and Kooper, JJ., concur.