■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALTON, Appellant.—Judgment of the Supreme Court, New York County (Murray Mogel, J., at suppression hearing; James Leff, J., at trial with a jury), rendered November 29, 1988, convicting defendant of two counts of robbery in the second degree and sentencing him, as a persistent felony offender, to concurrent, indeterminate terms of imprisonment of eight years to life, unanimously affirmed.

We find no merit to defendant's claim that his right to competent counsel was violated. Defendant's second attorney failed to challenge the lineup identification on the ground that it was inherently suggestive, but instead argued that the lineup was tainted by a photographic array made available earlier to the witness. Defendant has not demonstrated that counsel's decision was inappropriate. *(People v Rivera,* 71 NY2d 705.)* Since defendant's first attorney (a colleague of the second) was present at the lineup, it is unlikely that the makeup of the lineup was prejudicial to defendant's rights *(cf., People v Lopez,* 123 AD2d 360, *lv denied* 68 NY2d 915).

Defendant also argues that the array was suggestive because of his receding hairline. The photographs that filled out the array did not have to depict persons nearly identical in appearance. *(People v Chipp,* 75 NY2d 327, *cert denied* — US —, 111 S Ct 99.)* Moreover, the lineup was conducted more than four weeks after the photographic array was displayed, rendering prejudice unlikely. *(Cf., People v Thomas,* 161 AD2d 543, *lv denied* 76 NY2d 866.)* Concur—Murphy, P. J., Carro, Wallach, Kupferman and Asch, JJ.