■ In the Matter of RAYMOND A., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, Bronx County (Rhoda J. Cohen, J.), entered November 14, 1990, which adjudicated respondent a juvenile delinquent

upon a finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, and placed him with the Division for Youth, Title III, for 18 months, unanimously affirmed, without costs.

Contrary to respondent's contentions, the photo array shown to the complaining witness, who had ample opportunity to observe the defendant, who held a knife to her throat, was not unduly suggestive. There is no requirement that all the participants in a lineup or photo array be identical in appearance. *(People v Alton,* 169 AD2d 529.) Rather, all that is required is that they resemble each other sufficiently so as not to create a substantial likelihood that the defendant would be singled out for identification *(People v Simmons,* 170 AD2d 15, 19). Here, the fact that respondent's photograph showed him with a "flat-top" haircut did not cause him to be singled out of the group, since others pictured had similar hairstyles. And, absent some showing of impermissible suggestiveness, not made here, there is no burden upon the People nor any need, to demonstrate that a source independent of the pretrial identification procedure exists for the witness's in-court identification *(People v Chipp,* 75 NY2d 327, 335). Concur—Carro, J. P., Rosenberger, Ellerin, Kupferman and Ross, JJ.