(April 23, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IGNASIO REYNOSO, Appellant.—Judgment, Supreme Court, Bronx County (Vincent A. Vitale, J.), rendered May 23, 1984, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a prison term of 8⅓ to 25 years, unanimously affirmed.

Defendant's motion requesting this Court to review as a supplemental *pro se* brief the points and issues raised in his writ of error coram nobis is granted.

On June 27, 1991, this Court granted defendant's motion in the nature of a writ of error coram nobis, in which defendant claimed that appellate counsel was ineffective, to the extent of recalling and vacating the order of October 20, 1987 unanimously affirming defendant's conviction *(People v Reynoso,* 133 AD2d 1019). We now affirm upon review of the issues raised in newly assigned appellate counsel's brief and defendant's coram nobis motion including his supplemental *pro se* brief.

The lineup identifications by two witnesses who had been shown a single photograph of defendant more than four months prior to the lineup were properly admitted by the hearing court, since the suggestiveness of the prior identification were sufficiently attenuated in time to nullify any taint *(People v Alton,* 169 AD2d 529). Furthermore, the lineup and in-court identifications were properly admitted since the People established by clear and convincing evidence an independent source for these identifications *(People v Alexander,* 162 AD2d 164).

There being no reasonable view of the evidence that defendant acted recklessly in shooting the deceased, the court properly refused to charge manslaughter in the second degree as a lesser included offense *(People v Glover,* 57 NY2d 61).

Finally, the record belies defendant's claim in his coram nobis motion that he was not present for supplemental instructions to the jury. Nor was defendant deprived of his fundamental right to be present at all material stages of the trial by his absence at a robing room conference to discuss a jury note, especially since his presence was waived by defense counsel *(see, People v Rodriguez,* 76 NY2d 918, 921). Concur—

Murphy, P. J., Kupferman, Carro, Milonas and Rosenberger, JJ.