THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL COLON, Appellant. [833 NYS2d 434]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered October 16, 2003, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 17 years; and judgments, same court (Troy K. Webber, J.), rendered April 6, 2004, convicting defendant, upon his pleas of guilty, of attempted robbery in the first degree and attempted assault in the first degree, and sentencing him, as a second felony offender, to concurrent terms of six years, unanimously affirmed.

The court properly denied defendant's motion to suppress the

assault victim's lineup and in-court identifications. The lineup was not the fruit of an unlawful arrest. Regardless of the circumstances of defendant's initial arrest, which were inadequately developed at the hearing, the hearing evidence clearly established that, at least at the time of the lineup (*see People v Garcia*, 281 AD2d 234 [2001], *lv denied* 96 NY2d 862 [2001]), the basis of defendant's detention was the fact that he had previously been identified, by means of two photo arrays, as the perpetrator of the assault at issue on this appeal as well as a separate robbery. The circumstantial evidence presented at the hearing (*see e.g. People v Gonzalez*, 91 NY2d 909 [1998]) established the requisite transfer of information between the detectives who obtained the two photographic identifications and the successor detectives to whom the cases were reassigned, including the detective who conducted the lineup at issue. The court properly found that the victim's lineup and in-court identifications of defendant as the person who assaulted him were admissible notwithstanding the court's finding that the prior photo identification procedure unduly highlighted defendant. The evidence before the hearing court, which included testimony that $4^1/_2$ months passed between the two identification procedures and that the victim had told the police that he had repeatedly seen his assailant at a neighborhood location, was sufficient to warrant the conclusion that the photo array could not have influenced the lineup identification (*see People v Manuel*, 304 AD2d 428 [2003], *lv denied* 100 NY2d 596 [2003]; *People v Reynoso*, 182 AD2d 546 [1992], *lv denied* 80 NY2d 836 [1992]).

At trial, the court properly permitted the victim, who had often seen his assailant in front of a certain corner grocery store, to testify that he gave the police defendant's name after a nontestifying declarant told the victim the name of the person who frequented that location. This was not hearsay, because such evidence was not introduced for its truth, but "for the legitimate, nonhearsay purpose of completing the narrative of events and explaining police actions" (*People v Guerrero*, 22 AD3d 266, 266 [2005], *lv denied* 5 NY3d 882 [2005] [citations omitted]). There was never any suggestion to the jury that the nontestifying declarant knew anything about the assault or had incriminated defendant. Furthermore, the court provided thorough limiting instructions. Defendant's Confrontation Clause argument is unpreserved and without merit.

The court properly exercised its discretion in denying defendant's mistrial motion based on certain portions of the People's summation, since the court's curative actions were suf-

ficient to prevent the remarks in question from causing any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]). Defendant's remaining summation claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Mazzarelli, Sullivan, Nardelli and Buckley, JJ.