People v Ellis (2018 NY Slip Op 03595)





People v Ellis


2018 NY Slip Op 03595


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


6599A 46/14 2295/14 6599

[*1] The People of the State of New York, Respondent,
v
Malik Ellis, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Judgments, Supreme Court, Bronx County (Michael A. Gross, J. at hearing; Robert E. Torres, J. at pleas; Alvin Yearwood, J. at sentencing), rendered June 9, 2016, convicting defendant of robbery in the third degree and attempted promoting prison contraband in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 2½ to 5 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal. The court's oral colloquy with defendant concerning the waiver was sufficient (see People v Bryant, 28 NY3d 1094 [2016]), and the written waiver did not contain any of the language that this Court has previously cited as automatically rendering a waiver invalid (see People v Thomas, 158 AD3d 434 [1st Dept 2018]). The waiver forecloses review of defendant's suppression and excessive sentence claims.
In the alternative, we find that the court properly denied defendant's suppression motion. Notwithstanding the deficiencies in the evidence explaining how defendant came to be arrested by a nontestifying officer, the record is clear that by the time defendant made statements and was identified in a lineup, he was in the custody of officers who had undisputedly acquired probable cause more than a week before the arrest (see People v Colon, 39 AD3d 233, 234 [1st Dept 2007], lv denied 9 NY3d 874 [2007]), and the hearing court's ruling may be read as encompassing this theory. We also perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK