■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD W. PRAY, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered April 4, 1975, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a controlled substance in the sixth degree (Penal Law, § 220.06), a Class D felony, and sentencing him as a second felony offender to an indeterminate term of imprisonment with a maximum of four years and a minimum of two years. On this appeal, defendant argues that section 70.06 of the Penal Law, as applied to him, is

an ex post facto law and, therefore, unconstitutional. His basis for this contention is that he received a heavier sentence as a second felony offender and that the predicate felony conviction, which served as the foundation therefor under the provisions of the challenged statute, was obtained prior to the enactment of said statute. We cannot agree that these circumstances render the statute an ex post facto law as applied to defendant because the increased punishment was inflicted for the present crime only and was not an additional penalty for the prior offense *(People ex rel. Prisament v Brophy,* 287 NY 132, cert den 317 US 625). Defendant's remaining contentions are likewise without merit. Clearly, the power to define criminal offenses and to prescribe the punishment therefor belongs to the Legislature *(People v Blanchard,* 288 NY 145), and, accordingly, the Legislature was justified in not differentiating between more and less serious felonies in defining a "predicate felony". Also, that defendant may have been unaware of the provisions of section 70.06 of the Penal Law obviously does not excuse him from the sentence of imprisonment imposed pursuant thereto. Judgment affirmed. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.