■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD MANGI-APANE, Appellant. — Appeal by the defendant, as limited by his brief, from a sentence of the Supreme Court, Suffolk County (Jaspan, J.), imposed May 1, 1981, upon his adjudication as a second felony offender. Sentence affirmed. The sentence on the predicate felony was imposed December 14, 1970, less than 10 years before November 19, 1980, the date of the commission of the felony of which the defendant pleaded to on March 6, 1981. The defendant asserts that the delay of almost six months between the date of his plea, June 15, 1970, on the predicate felony, and the date of sentence on said predicate felony on December 14, 1970, resulted in the sentence, and thereby, his second felony offender status being invalid. We find that the defendant waived the delay in sentencing on the predicate felony at the time of his plea, June 15, 1970. The sentencing requirements in effect at the time of the plea and sentencing on the predicate felony provided: "any delay may be waived by the defendant" (Code Crim Pro, § 472). The defendant also argues that section 70.06 of the Penal Law, as applied to him, is an ex post facto law and, therefore, unconstitutional. His basis for this contention is that he received a heavier sentence as a second felony offender and that the predicate felony conviction, which served as the foundation therefor under the provisions of the challenged statute, was obtained prior to the enactment of said statute. We cannot agree that these circumstances render the statute an ex post facto law as applied to defendant because the increased punishment was inflicted for the present crime only and was not an additional penalty for the prior offense (*People v Pray,* 50 AD2d 987). Defendant's remaining contentions are without merit. Lazer, J. P., Gibbons, Gulotta and Bracken, JJ., concur.