OPINION OF THE COURT
Robert M. Haft, J.
Defendant Ross McNeil, having been convicted upon his plea of guilty to burglary in the second degree, challenges the filing by the People of a persistent violent felony offender statement (CPL 400.15, 400.16, subd 2) on the ground that his two prior violent felony convictions were unconstitutionally obtained.[1]
*97 An evidentiary hearing was held by this court on November 9, 1982. The defendant testified; also submitted were the minutes of the proceedings containing defendant’s two prior convictions and certified copies of those convictions. I make the following findings of fact and conclusions of law.
Defendant pleaded guilty on December 16, 1970 to the crime of robbery in the first degree, now a violent felony offense (Penal Law, § 70.02, subd 1, par [a]). The plea was entered in Supreme Court, Kings County, before Justice Larry M. Vetrano. Defendant acknowledged that he understood he had a right to a jury trial which he waived by pleading guilty. He also acknowledged that he was pleading guilty voluntarily. Defendant also admitted by answering in the affirmative that he forcibly stole money and other property by threatening the immediate use of a knife. On February 17, 1971, defendant was sentenced to an indeterminate State prison term of up to 10 years.
On July 17, 1974, defendant entered a plea of guilty to the crime of robbery in the second degree, now a violent felony offense (Penal Law, § 70.02, subd 1, par [b]). That plea was also entered in Supreme Court, Kings County, again before Justice Vetrano, and defendant was sentenced as a second felony offender (Penal Law, § 70.02, subd 1, par [a]; CPL 400.21) on October 23,1974 to a term of four to eight years. Again, defendant admitted his guilt to a forcible theft of money by a threatened use of a knife and again acknowledged he was giving up his right to a jury trial by pleading guilty.
On October 23, 1974, the defendant was arraigned as a second felony offender, being advised by the court that he had a right to a hearing to contest the issue of whether he was the same person named in the District Attorney’s information as having been convicted of robbery in the first degree and sentenced to a 10-year term. Defendant admit *98 ted that he was the same person and was thereupon sentenced as a second felony offender to a term of four to eight years to run concurrently with any unexpired parole of time.
Ordinarily, defendant’s failure to challenge the constitutionality of his 1970 conviction when arraigned as a second felony offender in 1974 would have been deemed a waiver, and this court prohibited from even hearing a challenge to that conviction. However, as will appear, apparently defendant did not know of any right or procedure to make such challenge pursuant to CPL 400.21 (subd 7, par [b]). Thus, good cause under that statute has been shown for defendant’s failure to make a timely challenge in 1974.
Defendant asserts that he was told by his 1974 attorney that he could only challenge the fact of whether he was the person named in the predicate felony státement (a correct statement of the law until the amendment of the statute on Sept. 1, 1973, less than one year before defendant’s conviction). Lending support to defendant’s contention is the fact that the court informed defendant on October 23,1974 that he had a right to contest the predicate felony statement or to admit to being the same person but not that he had a right to controvert the prior conviction on grounds of unconstitutionality. Accordingly, it cannot be said that defendant has waived his right to challenge the unconstitutionality of his earlier conviction.[2]
Allowing challenges to both the 1970 and 1974 convictions, essentially they stand on the same footing. Defendant contends that on both occasions when he pleaded guilty, he was never fully advised of each of his constitutional rights. He contends that Boykin v Alabama (395 US 238) requires that before any guilty plea may be accepted by a court, the court must delineate to the defendant each of three constitutional rights. Those rights, as enumerated in Boykin, are: (1) the privilege against self incrimination, (2) the right to trial by jury, (3) the right to confront one’s accusers. (395 US, at p 243.) Boykin, however, does no more *99 than require that in a State criminal prosecution, a defendant is to be fully accorded his constitutional protections when entering a plea of guilt. “[T]he test of Boykin * * * [is] that guilty pleas are valid if knowing, voluntary and intelligent.” (Corbitt v New Jersey, 439 US 212, 219, n 9.)
In this State, the cases for ther most part support the proposition that a defendant must knowingly and voluntarily enter his plea, but not that a particular allocution on the plea is mandatory. (People v Nixon, 21 NY2d 338, cert den sub nom. Robinson v New York, 393 US 1067; People v Francis, 38 NY2d 150; People v Jones, 81 AD2d 22; People v Allen, 79 AD2d 1004.)
Defendant avers nevertheless that People v Pruitt (83 AD2d 872) holds that a mandatory litany is required at the plea allocution. The issue presented in Pruitt was not, however, whether specific constitutional rights were articulated during the allocution but, rather, whether defendant had knowingly waived such rights. It is because of his lack of knowledge and not because of a failure to denominate any particular constitutional rights, that this court finds defendant’s prior convictions constitutionally infirm.
Defendant asserted at the hearing that he was not aware either in 1970 or 1974 of the constitutional rights he was waiving by negotiating the pleas and bargained for sentences. He stated that he knew only that the sentences being offered were less than the sentences he might receive if he were found guilty at trial and such was the basis for his acceptance of the pleas.
The People have failed to meet their burden[3] since they have failed to introduce any evidence to controvert the defendant’s contention that he did not knowingly waive his constitutional rights. Notwithstanding that neither Boykin nor Nixon (supra), nor subsequent New York appellate decisions requires a special litany or specific allocution, what is required is a knowing and voluntary waiver of *100 constitutional rights. Defendant cannot be said to have waived those rights knowingly.
Thus, this court holds that while defendant has two prior violent felony convictions, the failure to prove the constitutionality of those convictions precludes their use in a determination that defendant is a persistent violent felony offender.

. Defendant alleges in his motion to controvert the persistent violent felony statement that New York’s violent and second felony offender laws violate the ex post *97 facto clause of the United States Constitution (US Const, art I, § 9, cl 3; § 10, cl 1). Those statutes punish not his 1970 or 1974 convictions; rather, they relate to his 1981 conviction by plea before this court. Defendant’s punishment is subject to enhancement since his 198Í offense was committed at a time when the violent and second felony offender laws had become effective. There was no lack of fair notice; punishment was not increased after the act for which defendant stands convicted today. (Weaver v Graham, 450 US 24; People v Pray, 50 AD2d 987.)

. Courts indulge every reasonable presumption against waiver since ordinarily waiver is “an intentional relinquishment or abandonment of a known right or privilege.” (Johnson v Zerbst, 304 US 458, 464.)

. “[T]he burden of proof is upon the people and a finding that the defendant has been subjected to a predicate felony conviction must be based upon proof beyond a reasonable doubt by evidence admissible under the rules applicable to a trial of the issue of guilt.” (CPL 400.21, subd 7, par [a].)