■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL AIELLO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered November 6, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence upon his adjudication as a second violent felony offender. Judgment affirmed. Defendant argues that sections 70.02 and 70.04 of the Penal Law, as applied to him, violate the ex post facto clause of sections 9 and 10 of article I of the United States Constitution. The People allege, and defendant does not deny, that he was convicted on May 13, 1975 of attempted armed robbery in the first degree. New York's violent felony laws, which became effective as of September 1, 1978 (L 1978, ch 481, § 67), reclassified certain existing offenses as "violent felonies" and enhanced the penalties upon conviction of those offenses. The crime of attempted robbery in the first degree is now classified as a violent felony offense (Penal Law, § 70.02, subd 1, par [b]) although at the time of defendant's prior conviction it was classified only as a felony. Hence, defendant's contention is premised on the fact that the violent felony offender conviction, which served as the foundation for his present, more severe, sentence under the provisions of the challenged statutes, occurred prior to the enactment of said statute. We have previously held that the second felony offender statute does not violate the ex post facto clause even though the conviction upon which the second felony offender status is predicated was obtained prior to the enactment of the statute (see *People v Dippolito,* 88 AD2d 211, 215; *People v Mangiapane,* 87 AD2d 851; *People v Pray,* 50 AD2d 987). Defendant seeks to distinguish the second felony offender statute from the second violent offender statute on the ground that the latter involves a reclassification of offenses and such reclassification changes the legal consequences of acts completed before enactment of the violent felony offender statute. He contends it is an unconstitutional ex post facto law because it increases the penalty for criminal acts committed prior to its enactment. We do not agree. The punishment mandated by the violent felony offender statute here in issue in no way affects the punishment for the crime for which defendant was convicted in 1975. The increased punishment was inflicted only for the crime for which defendant now stands convicted (see, e.g., *People v Baker,* 112 Misc 2d 496; *People v Graham,* 111 Misc 2d 666; *People v Jenkins,* 100 Misc 2d 935). Nor do we find that the alleged distinction between the second felony offender statute and the second violent felony offender statute mandates a contrary result (see Hechtman, Practice Commentary, McKinney's Cons Laws of NY, Book 39, 1982-1983 Pocket Part, Penal Law, § 70.04, p 137). Defendant's remaining contentions have been considered and are likewise without merit. Titone, J. P., Thompson, Rubin and Boyers, JJ., concur.