■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR CRAWFORD, Appellant. — Judgment modified by vacating the sentence imposed and, as modified, affirmed, and defendant remanded to Onondaga County Court for resentencing, in accordance with the following memorandum: Upon his conviction of the violent felony offense of burglary in the second degree (Penal Law, § 70.02, subd 1, par [b]) defendant was sentenced on

February 11, 1982 as a persistent violent felony offender. A persistent violent offender is "a person who stands convicted of a violent felony offense * * * after having previously been subjected to two or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of section 70.04". (Penal Law, § 70.08, subd 1, par [a].) Defendant's April, 1975 conviction of assault in the second degree and his May, 1978 conviction of attempted burglary in the second degree were used by the sentencing court as the requisite predicate violent felony convictions. A predicate violent felony conviction, where relevant here, must be "of a class A felony * * * of a violent felony offense as defined in subdivision one of section 70.02, or of an offense defined by the penal law in effect prior to September first, nineteen hundred sixty-seven, which includes all of the essential elements of any such felony" (Penal Law, § 70.04, subd 1, par [b], cl [i]). Although section 70.02 (subd 1, pars [b], [c]) of the Penal Law defines assault in the second degree and attempted burglary in the second degree as violent felony offenses, the effective date of this legislation was September 1, 1978 (L 1978, ch 481). Before this date these crimes were class D felony offenses, not class D violent felony offenses. Defendant's prior convictions could well be treated as predicate felony convictions (see Penal Law, § 70.06, subd 1) but not as predicate violent felony convictions since a "violent felony offense" did not exist when these judgments were entered. The provisions of the Penal Law must be interpreted "according to the fair import of their terms to promote justice and effect the objects of the law" (Penal Law, § 5.00). Although this rule authorizes "a court to dispense with hypertechnical or strained interpretations of the statute", it "does not justify the imposition of criminal sanctions for conduct that falls beyond the scope of the Penal Law" (*People v Ditta,* 52 NY2d 657, 660; see, also, *People v Gottlieb,* 36 NY2d 629, 632). We do not deal here with a clerical or typographical error which would permit us to depart from a literal reading of the statute (see *People v Graham,* 55 NY2d 144, 151). Nor is there any ambiguity in the statute which requires interpretation. The persistent violent felony offender statute simply makes no provision for crimes committed between September 1, 1967 and September 1, 1978. Notwithstanding the broad language of section 5.00 of the Penal Law, the statute must be read and given effect as it is written and we cannot supply missing language by judicial decree (see *People v Graham, supra,* pp 151-152). As Mr. Chief Justice Burger observed in his concurring opinion in *Bifulco v United States* (447 US 381, 401-402), "Our compass is not to read a statute to reach what we perceive — or even what we think a reasonable person should perceive — is a 'sensible result'; Congress must be taken at its word unless we are to assume the role of statute revisers * * * The temptation to exceed our limited judicial role and do what we regard as the more sensible thing is great, but it takes us on a slippery slope." If there is to be a change in the statute, it should come from the Legislature (see *People v Case,* 42 NY2d 98, 101). In any event, it is "a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of harsher punishment" (*Bell v United States,* 349 US 81, 83; see, also, Ann., 62 L ed 2d 827). Since the plain, natural meaning of this statute does not prescribe that defendant be sentenced as a persistent violent felony offender, the sentence imposed must be vacated and defendant remanded for resentence in accordance with the law applicable to his case (see *People v Hulsen,* 85 AD2d 532; *People v Manino,* 81 AD2d 896). Although it is unnecessary to reach other issues raised by defendant, we reject his claim that the persistent violent felony offender law violates the constitutional prohibition against ex post facto laws by enhancing the sentences of crimes committed before its enactment. The persistent violent felony offender statute does not alter the consequences

attached to crimes upon which a defendant has already been convicted, it merely enhances the sentence to be imposed for crimes committed after its enactment because of those earlier convictions. All concur, except Boomer, J., who dissents and votes to affirm, in the following memorandum.

Boomer, J. (dissenting). May the defendant's convictions of assault in the second degree on April 15, 1975, and attempt to commit burglary in the second degree on May 9, 1978, serve as "predicate violent felony convictions" to support the determination that defendant is a persistent violent felony offender? The majority holds that since the defendant's predicate felony convictions occurred before the effective date of the violent felony statute (September 1, 1978), those convictions cannot serve as "predicate violent felony convictions." I disagree. "A persistent violent felony offender is a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 [of the Penal Law] after having previously been subjected to two or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of section 70.04" (Penal Law, § 70.08, subd 1, par [a]). "For the purpose of determining whether a person has two or more predicate violent felony convictions, the criteria set forth in paragraph (b) of subdivision one of section 70.04 shall apply" (Penal Law, § 70.08, subd 1, par [b]). One of the criteria set forth in that paragraph is that "[t]he conviction must have been in this state of a class A felony (other than one defined in article two hundred twenty) or of a violent felony offense as defined in subdivision one of section 70.02, or of an offense defined by the penal law in effect prior to September first, nineteen hundred sixty-seven, which includes all of the essential elements of any such felony, or in any other jurisdiction of an offense which includes all of the essential elements of any such felony for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in the state irrespective of whether such sentence was imposed" (Penal Law, § 70.04, subd 1, par [b], cl [i]). By the definition contained in subdivision 1 of section 70.02, assault in the second degree and attempt to commit burglary in the second degree are violent felony offenses. It is apparent from the language of the statute that in the case of certain convictions under the former Penal Law, the Legislature intended that pre-September 1, 1978 convictions shall constitute "predicate violent felony convictions." There is no reason to treat the class A felonies and the convictions in other States, mentioned in the statute, differently and the majority concedes these convictions may constitute "predicate violent felony convictions" even though they may predate the effective date of the statute. In these instances, the persistent violent felony offender statute may be said to be retrospective, for it defines certain convictions had before its effective date as "predicate violent felony convictions." It is not ex post facto legislation, however, since it does not enhance the punishment for crimes committed before its effective date, but serves only to prescribe increased punishment for crimes committed thereafter (*People ex rel. Prisament v Brophy*, 287 NY 132, 135; *People v Pray*, 50 AD2d 987, 988). Likewise, insofar as the persistent violent felony offender statute defines a "predicate violent felony conviction" as a conviction for an offense listed in subdivision 1 of section 70.02, it may also be said to be retrospective. The violent felony offender statute is a sentencing statute. It did not create new offenses or change the elements of existing offenses. The offenses listed under the definition of violent felony offenses existed before the enactment of the violent felony offender statute and nowhere does the statute indicate that the definition of "predicate violent felony offenses" applies to the listed offenses only if they are committed after the effective date of the statute. To the contrary, read as a whole, the statute indicates an intent that "predicate

violent felony convictions" may predate the effective date of the violent felony statute, whether they are convictions under the former Penal Law, under the law of other States, or under the present Penal Law. The narrow construction adopted by the majority leads to the absurd result that while convictions for certain class A felonies, certain convictions under the laws of other States, and certain convictions under the former Penal Law shall constitute "predicate violent felony convictions," even though they may predate the effective date of the violent felony laws, convictions under the present Penal Law predating such effective date (except for certain class A felonies) cannot be so considered. Thus, in the case of violent crimes committed in this State (except for certain class A felonies) we are left with a gap between September 1, 1967 (the date of the repeal of the former Penal Law) and September 1, 1978 (the effective date of the violent felony statute) during which period those crimes cannot be counted as predicate violent felonies. It is inconceivable that this was the intent of the Legislature, and we need not strictly construe the statute so as to create such a result. The general rule that a penal statute is to be strictly construed has been modified by statute, and the provisions of the Penal Law "must be construed according to the fair import of their terms to promote justice and effect the objects of the law" (Penal Law, § 5.00; see *People v Ditta,* 52 NY2d 657). So construed, the statute defines "predicate violent felony convictions" as including the defendant's 1975 conviction of assault in the second degree, and his May, 1978 conviction of attempt to commit burglary in the second degree. (Appeal from judgment of Onondaga County Court, Burke, J. — burglary, second degree.) Present — Dillon, P. J., Doerr, Boomer, Green and Schnepp, JJ.