■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v MELVIN BARBOUR, Appellant-Respondent. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Clemente, J.), rendered October 19, 1981, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The People cross-appeal from so much of the judgment as sentenced defendant as a persistent felony offender rather than as a persistent violent felony offender. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The People's cross appeal is dismissed as moot. Defendant was tried for the crime of criminal possession of a weapon in the third degree. At trial, the prosecutor made several remarks which the People concede on appeal were inappropriate. First, in his opening statement, the prosecutor informed the jury that after defendant was brought into the police precinct house, he said to the arresting officer, "I'll kill you the next time". In denying defendant's motion for a mistrial, the court issued prompt curative instructions, noting that the statement was irrelevant to the crime charged. Defendant admitted that the marihuana found in the automobile he was driving did in fact belong to him, and that it was part of his religion to smoke marihuana. The prosecutor later asked the defendant, "Doesn't your religion also allow you to carry guns to protect your marijuana?" Defendant chose to answer the question against the advice of counsel and briefly summarized the origins and tenets of his religion. However, it is undisputed that the question should never have been asked in the first place. Finally, during summation, the prosecutor characterized defendant as a "person who was not accustomed to violence". Taken individually, each of the prosecutor's improper statements might not warrant reversal. But when evaluated cumulatively, the prosecutor's inappropriate conduct operated to deprive defendant of a fair trial. Hence, a new trial is necessary. Because defendant's sentence must be vacated, it is not necessary to reach the issue of whether defendant was a persistent violent felony offender. Therefore, the People's cross appeal is dismissed as moot. However, we note that the People's position was recently accepted by this court in *People v Aiello* (93 AD2d 864). Damiani, J. P., Lazer, Mangano and Boyers, JJ., concur.