■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. SHERMAN, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered July 22, 1982, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree. Defendant entered a plea of guilty to grand larceny in the third degree and was sentenced by the County Court of Broome County to a one and one-half to three-year term of imprisonment to run concurrently with a sentence to be imposed in Chemung County. On this appeal, defendant first contends that section 70.06 of the Penal Law relating to imposition of a mandatory sentence of imprisonment on second felony offenders was unconstitutionally applied to him in violation of his constitutional rights. He asserts in this case, as he does in the appeal from his Chemung County conviction (*People v Sherman,* 96 AD2d 1003 [No. 5]), that the criminal act upon which the predicate felony conviction arose occurred in August, 1973, prior to the September 1, 1973 effective date of section 70.06. Defendant argues that since the criminal act occurred prior to the effective date of section 70.06, the second felony offender provision cannot be constitutionally applied to him. This argument is not persuasive (*Gryger v Burke,* 334 US 728, 732; *People v Pray,* 50 AD2d 987; see, also, *People v Starks,* 78 Misc 2d 87, affd 53 AD2d 1066). Defendant's remaining contention that the sentence imposed upon this conviction was harsh and excessive is rejected (*People v St. Mary,* 55 AD2d 968). Judgment affirmed. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.

Trial Term (Ellison, J.), rendered July 23, 1982 in Chemung County, convicting defendant upon his plea of guilty of the crime of forgery in the second degree. Defendant entered a bargained plea of guilty in Supreme Court, Chemung County, on May 11, 1982 to the class D felony of forgery in the second degree. The court accepted the plea in full satisfaction of a six-count indictment. On July 2, 1982, defendant pleaded guilty to an unrelated count of third degree grand larceny in Broome County Court. The Broome County conviction resulted in a sentence of one and one-half to three years, which was imposed on July 22, 1982. The next day, defendant was sentenced to a term of two to four years on the forgery conviction by the Supreme Court, Chemung County; this sentence was made to run consecutively to the Broome County sentence. Defendant's appeals from both of these convictions are now before this court (see *People v Sherman,* 96 AD2d 1003 [No. 4]). In both cases, he contends that the second felony mandatory sentence provision of section 70.06 of the Penal Law has been applied to him in violation of his constitutional rights. Defendant argues that his prior conviction in 1974, which served as the predicate felony herein, was based on a criminal act that occurred in August, 1973, before the September 1, 1973 effective date of section 70.06 (L 1973, ch 277, § 18). He contends that the fact that his criminal act preceded the effective date of the law renders section 70.06 unconstitutional when applied to him. We find this contention without merit. The statute is not applied in violation of defendant's constitutional rights (*Gryger v Burke,* 334 US 728, 732; *People v Pray,* 50 AD2d 987; see, also, *People v Starks,* 78 Misc 2d 87, affd 53 AD2d 1066). In the instant case, defendant further challenges the sentence imposed upon him by the Supreme Court, Chemung County, contending that the imposition of a consecutive prison term, while permissible, constituted an abuse of discretion upon the facts of this case. Defendant maintains that a sentence of probation would have been more appropriate. We disagree and find a prison sentence to be proper. However, because uncertainty exists concerning the terms of the Chemung County plea agreement — specifically, whether the Chemung County District Attorney was obligated to recommend that the Chemung County sentence be made to run concurrently with the Broome County sentence — we remit the case in the interests of justice for a hearing to ascertain the actual terms of the plea bargain in Chemung County. The record of the Chemung County proceedings does not, by itself, establish that the Chemung County District Attorney was under any such obligation. At the Chemung County plea proceeding, the District Attorney recited the terms of the bargain: "I have advised counsel for the defendant in the event the defendant is prepared to plead guilty to the first count of the indictment * * * I will recommend to your Honor that you sentence him to the minimum period provided by law, bearing in mind that the defendant is a predicate felon". No mention of concurrent sentences was made. At sentencing, the court imposed a sentence of two to four years, the minimum for a predicate felon convicted of a class D felony. This sentence was made to run consecutive to the Broome County sentence imposed the previous day. Immediately after this sentence was announced, counsel for defendant specifically inquired of the court whether the sentence was to be served consecutively or concurrently and was advised that it was to be consecutive. No objection was voiced to the consecutive nature of the sentence. The difficulty arises, however, when the proceedings in Broome County are examined. There, the court specifically stated its understanding that the sentence it was imposing would be concurrent with any Chemung County sentence. This statement suggests the existence of an agreement to recommend concurrent sentences to the court in Chemung County, an inference patently at odds with what transpired during the Chemung County proceedings. Accordingly, we remit for a hearing concerning

the precise nature of the Chemung County plea bargain; if the District Attorney had in fact agreed to recommend a concurrent sentence, then that recommendation should be put before the court or, in the alternative, defendant should be permitted to withdraw his plea. Conversely, if it develops that there was no agreement to recommend a concurrent sentence in Chemung County, then the sentence should stand and defendant should be afforded an opportunity to challenge the Broome County sentence by means of a motion pursuant to CPL 440.20. Decision withheld, and matter remitted to the Supreme Court of Chemung County for further proceedings not inconsistent herewith. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.