OPINION OF THE COURT
Jerome M. Kay, J.
The question to be determined by this court is whether the defendant, Raymond Ferguson, may be sentenced as a persistent violent felony offender under section 70.08 of the Penal Law. Defendant contends section 70.08 of the Penal Law does not provide for the use of a prior conviction in deciding that one is a persistent violent felony offender unless, at the time of the prior felony’s commission, the offense underlying the prior conviction was designated as a violent felony offense. The defendant’s “persistent” felonies both predate the violent felony statute, section 70.02 of the Penal Law.
The convictions are a 1972 rape in the first degree and a 1977 robbery in the second degree.
This court is presented with a divergence of opinion between the Appellate Division, Fourth Department, and the Appellate Division, Second Department, on the subject of violent felony offenses. The Fourth Department, on similar facts in People v Crawford (94 AD2d 950), held that since a violent felony offense statute did not exist between September 1, 1967 and September 1,1978, crimes committed by defendants between those dates cannot be used as requisite persistent violent felony convictions.
*870 The Appellate Division, Second Department, takes a different view. In analyzing the second violent felony offender statute, the court held that if at the time the defendant committed the instant offense, he stood convicted of an offense presently designated under section 70.02 of the Penal Law as a violent felony offense, the defendant is a second violent felony offender, irrespective of the date of the first conviction (People v Balfour, 95 AD2d 812; see, also, People v Aiello, 93 AD2d 864, mot for lv to app den 60 NY2d 588). Indeed, the Legislature in 1978 amended the Penal Law in relation to mandatory sentences of imprisonment for persons who are violent felony offenders. This bill, chapter 481 of the Laws of 1978, encompasses both second violent and persistent violent felony offenders and also created under section 70.02 of the Penal Law, the violent felony statute. Logically, the theory behind holding one a second violent felony offender is the same as finding one a persistent violent felony offender.
Judge Boomer, in his dissenting opinion in Crawford (supra), indicated that it is inconceivable that the Legislature intended to exempt from the persistent violent felony statute those felonies committed between September 1, 1967 and September 1, 1978, which, if committed today, would be violent felonies, simply because there was no violent felony designation during those periods. It is therefore the instant offense that controls and therefore the court may take into consideration previous offenses committed between September 1,1967 and September 1,1978, in deciding the violent felony question. This court finds the Appellate Division, Second Department’s analysis of the violent felony offender statute most cogent and extends the analysis to include persistent violent felonies.
The defendant is held a persistent violent felony offender.