■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY HICKS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered October 18, 1982, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and sentencing him as a persistent violent felony offender. Judgment affirmed. We note that the persistent violent felony offender statutes (Penal Law, §§ 70.02, 70.04, 70.08), as applied to defendant, do not violate the ex post facto clause of section 10 of article I of the United States Constitution (see *People v Barbour,* 96 AD2d 842; *People v Balfour,* 95 AD2d 812; *People v Aiello,* 93 AD2d 864, mot for lv to app granted 60 NY2d 822). Furthermore, the fact that defendant was sentenced to concurrent terms of imprisonment on his prior violent felony convictions (two convictions for robbery in the first degree in 1974) does not alter his status as a persistent violent felony offender (see *People v Santana,* 117 Misc 2d 1016; *People v Ayala,* 107 Misc 2d 874). Finally, since the prior felonies for which defendant was convicted were classified as violent felony offenses prior to the commission of the instant

offense, he was properly sentenced as a persistent violent felony offender (Penal Law, §§ 70.02, 70.04; see *People v Balfour, supra; People v Jenkins,* 100 Misc 2d 935; but, see, *People v Crawford,* 94 AD2d 950; *People v Correa,* 113 Misc 2d 919). We have reviewed defendant's other contentions and find them to be without merit. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.