■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY LUCAS, Appellant. — Appeal by defendant, as limited by his brief, from two sentences of the Supreme Court, Kings County (Murray, J.), both imposed March 18, 1982, upon his convictions of attempted robbery in the second degree and criminal possession of a weapon in the third degree, after pleas of guilty, the sentences being concurrent terms of imprisonment of 2½ to 5 years based on defendant's adjudication as a second violent felony offender. ¶ Sentences reversed, on the law and as a matter of discretion in the interest of justice, defendant is adjudicated a second felony offender, and the matter is remitted to Criminal Term for resentencing in accordance herewith. ¶ Defendant's instant convictions of the class D felonies of attempted robbery in the second degree and criminal possession of a weapon in the third degree arose out of acts committed by defendant on January 10, 1979 and January 22, 1980, respectively. Defendant was adjudicated a second violent felony offender (see Penal Law, § 70.04), based on his 1975 conviction of the class E felony of attempted criminal possession of a weapon in the third degree, and sentenced accordingly. ¶ On appeal, defendant argues that his sentences as a second violent felony offender violate the ex post facto clause of the United States Constitution by virtue of the fact that the 1975 class E felony which served as the predicate violent felony was not classified a violent felony at the time of its commission, but was first classified as a violent felony effective on the 60th day after June 13, 1980, viz., August 12, 1980 (see Penal Law, § 70.02, subd 1, par [d]; L 1980, ch 233, § 2). ¶ This particular argument has been rejected by this court (*People v Aiello,* 93 AD2d 864, app dsmd 61 NY2d 760; *People v Covington,* 96 AD2d 515; *People v Barbour,* 96 AD2d 842). ¶ Nevertheless, the People concede, with commendable candor, that defendant's adjudication as a second violent felony offender must be vacated, due to the fact that the crimes

for which defendant presently stands convicted, i.e., attempted robbery in the second degree and criminal possession of a weapon in the third degree, were not violent felonies at the time of their commission, i.e., January 10, 1979 and January 22, 1980, but were first classified violent felonies as of the 60th day after June 13, 1980, viz., August 12, 1980 (see Penal Law, § 70.02, subd 1, par [c]; L 1980, ch 233, § 2). ¶ Accordingly, the sentences are reversed, defendant is adjudicated a second felony offender, and the matter is remitted to Criminal Term for resentencing of defendant as a second felony offender (see Penal Law, § 70.06). Mangano, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.