■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE BRABHAM, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered September 21, 1983, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and sentencing him as a persistent violent felony offender to an indeterminate term of six years to life imprisonment.

Judgment affirmed.

The defendant stands convicted of a crime which the Legislature has specifically defined as a violent felony offense (Penal Law, § 70.02, subd 1, par [c]), and does not challenge the adjudication that he is a persistent violent felony offender. Rather, defendant claims that (1) the mandatory sentencing scheme of the persistent violent offender statute is unconstitutional because it prevents the sentencing court from considering a particular defendant's character and past record and (2) a six year to life prison sentence is so disproportionate and inappropriate to the crime for which he stands convicted that the sentence constitutes cruel and unusual punishment.

We note that the persistent violent felony offender statutes providing for mandatory minimum prison sentences are facially constitutional (see *People v Morse,* 62 NY2d 205; *People v Hicks,* 99 AD2d 788; *People v Barbour,* 96 AD2d 842; *People v Balfour,* 95 AD2d 812; *People v Aiello,* 93 AD2d 864, app dsmd 61 NY2d 760). Moreover, we reject defendant's contention that the sentence imposed by Criminal Term constitutes cruel and unusual punishment under the Federal and New York State Constitutions. The defendant, a persistent violent felon, admitted to

walking the streets of Brooklyn with a loaded revolver. It can hardly be said that the minimum permissible sentence imposed by Criminal Term is so grossly disproportionate to the violent felony of which defendant has been convicted as to be classified as cruel and unusual punishment. It is clear that the Legislature is empowered to conclude that such an offense committed by a violent felon constitutes a grave threat to society and that body's requirement of a severe, inflexible punishment is not irrational (see, e.g., *People v Broadie,* 37 NY2d 100, cert den 423 US 950; *Solem v Helm,* 463 US 277; cf. *People v Cates,* 104 AD2d 895). We have reviewed defendant's other contentions and find them to be without merit. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.