■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED JOHNSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 24, 1983, convicting him of robbery in the second degree, upon his plea of guilty, and sentencing him as a second violent felony offender to an indeterminate term of 4½ to 9 years' imprisonment.

Judgment affirmed.

The sentencing of defendant as a second violent felony offender pursuant to section 70.04 of the Penal Law did not violate the prohibition upon the enactment of ex post facto laws contained in section 10 of article I of the United States Constitution.

The sentence imposed in no way affects the punishment for the crime which defendant committed in 1971. The enhanced punishment was only for the crime of which defendant now stands convicted, which is considered to be an aggravated offense because a repetitive one (*People v Morse,* 62 NY2d 205, 217-218; *People v Aiello,* 93 AD2d 864, app dsmd 61 NY2d 760; cf. *People v Thompson,* 55 AD2d 528).

Defendant's prior conviction upon which a reformatory sentence was imposed meets all the criteria set forth in section 70.04 (subd 1, par [b], cl [i]) of the Penal Law. The statute makes no distinction between the various correctional facilities in which an accused may have been confined, but rather specifies, in relevant part, that the predicate violent felony be one for which "a sentence to a term of imprisonment in excess of one year * * * was authorized".

There is no indication in the record that the court did not exercise sound discretion in accepting defendant's guilty plea (*People v Nixon,* 21 NY2d 338, 353, cert den *sub nom. Robinson v New York,* 393 US 1067; *People v Harris,* 61 NY2d 9, 16-17). Neither does the record demonstrate that defendant was denied his right to effective assistance of counsel (*People v De Mauro,* 48 NY2d 892; *People v Shannon,* 92 AD2d 554; cf. *People v Brown,* 45 NY2d 852). Defendant, if so advised, may pursue this claim by a postconviction proceeding brought under CPL 440.10.

The sentence imposed upon defendant as a second violent felony offender was not excessive under the facts of this case (*People v Suitte,* 90 AD2d 80). Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.