■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CUSICK, Appellant.—Appeal by the defendant (1) from three judgments of the Supreme Court, Suffolk County (D'Amaro, J.), all rendered February 24, 1983, convicting him of burglary in the second degree under indictment No. 2038/82, burglary in the second degree under indictment No. 2686/82, and attempted burglary in the second degree under indictment No. 2434/82 upon his pleas of guilty, and imposing sentences, and (2), by permission, from an order of the same court, dated July 3, 1985, denying his motion, pursuant to CPL 440.20 (1), to set aside the judgments.

Judgments and order affirmed.

We agree with Criminal Term that Penal Law § 70.25 (2-b) is not violative of the ex post facto prohibition of the US Constitution, article I, § 10. The statute merely imposes a harsher sentence for criminal acts or omissions committed subsequent to its effective date; the effect of such a statute is not constitutionally proscribed (see, Weaver v Graham, 450 US 24; Dobbert v Florida, 432 US 282; People v Morse, 62 NY2d 205, appeal dismissed sub nom. Vega v New York, 469 US 1186; People v Brabham, 104 AD2d 1043; People v Hicks, 99 AD2d 788). We also note that Criminal Term properly imposed the mandatory surcharge on each judgment (see, CPL 60.35 [1]). Lazer, J. P., Mangano, Gibbons and Bracken, JJ., concur.