**Nathan K. GILES, Petitioner,**

v.

**Frank IRVIN, Respondent.**

**No. 94–CV–755H.**

United States District Court,
W.D. New York.

Feb. 21, 1996.

Nathan K. Giles, petitioner, pro se.

Peter B. Sullivan, Buffalo, NY, for Respondent.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct all further proceedings in this petition for habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

## BACKGROUND

Petitioner was originally sentenced to a term of 20 years to life on April 1, 1964. Petitioner was paroled on February 2, 1977. On November 24, 1978, petitioner was declared delinquent by the State Division of Parole. A parole revocation hearing was held on April 11, 1979, and petitioner's parole was revoked.

On May 5, 1980, petitioner was sentenced for various crimes he committed while on parole, with the sentences to run consecutively to the time remaining on the 1964 sentence.

In January, 1992, petitioner brought an Article 78 proceeding in state court. The petitioner claimed that his procedural due process rights were violated because he was denied the right to appear at his parole revocation hearing, and that application of the repeat felony offender sentencing law to his 1964 sentence was an *ex post facto* violation.

Supreme Court Justice Irving Fudeman denied his petition on March 12, 1992. The Appellate Division, Fourth Department, affirmed the judgment on October 7, 1992. Leave to appeal to the Court of Appeals was denied in April, 1993.

On September 7, 1994, while incarcerated at Wende Correctional Facility, petitioner filed the instant petition *pro se* under 28 U.S.C. § 2254. He asserts the same grounds for habeas corpus relief as he had raised in his Article 78 petition. Respondent filed his answer to the petition on January 30, 1995. By an order dated November 17, 1995, the respondent was directed to file records of petitioner's parole revocation hearing.

## DISCUSSION

### I. Parole Revocation Hearing

Petitioner claims that his due process rights were violated because he was denied the right to appear at his parole revocation hearing.

In *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that due process requirements are applicable to parole revocation

hearings. According to *Morrissey*, the minimum requirements include:

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard ... and to present [evidence]; (d) the right to confront and cross-examine ... witnesses ...; (e) a [neutral hearing officer]; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 488–89, 92 S.Ct. at 2604.

In order to comply with *Morrissey* standards, the New York legislature enacted various procedural requirements to be followed at parole revocation hearings. N.Y.Executive Law § 259–i.

■ Here, petitioner contends that he was denied the opportunity to attend his parole revocation hearing. However, the parole revocation hearing record indicates that petitioner appeared at the hearing and, after noticing that his attorney was not present, left the hearing room (Item 15). The record further indicates that petitioner's attorney was aware of the hearing but there was no indication as to whether he would attend or not (*Id.*). It is clear that petitioner's failure to attend his parole revocation hearing can be deemed a knowing and intelligent waiver of his right to be present. *See Matter of White v. New York State Division of Parole*, 60 N.Y.2d 920, 470 N.Y.S.2d 581, 458 N.E.2d 1258 (1983) (absent contrary evidence in the record, a parolee can knowingly and intelligently waive his presence at a final revocation hearing). Petitioner's absence from hearing was of his own choosing and the fact that his attorney was not present is of no consequence. In addition, petitioner does not allege a denial of right to counsel.

■ Even assuming, *arguendo*, that petitioner's due process rights were violated because his waiver was not made knowingly and intelligently, petitioner's claim is moot by his subsequent conviction which would have resulted in automatic parole revocation without a hearing. N.Y.Executive Law § 259–i(3); *see Alevras v. Neubert*, 727 F.Supp. 852 (S.D.N.Y.1990).

Accordingly, petitioner's claim has no merit.

## II. *Ex Post Facto*

■ Petitioner claims that the persistent felony offender sentencing statute was retroactively applied to his 1964 sentence and thus was an *ex post facto* violation.

According to the Supreme Court:

[A]ny statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*.

*Dobbert v. Florida*, 432 U.S. 282, 292, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977) (quoting *Beazell v. Ohio*, 269 U.S. 167, 169–70, 46 S.Ct. 68, 68–69, 70 L.Ed. 216 (1925)). In essence, a penal law is *ex post facto* if it is retroactive and it disadvantages the offender. *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). There is no *ex post facto* violation if the law is merely procedural, and does "not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt." *Hopt v. Utah*, 110 U.S. 574, 590, 4 S.Ct. 202, 210, 28 L.Ed. 262 (1884).

■ Petitioner claims that his 1964 sentence was unlawfully modified by the application of the persistent felony offender sentencing statute. N.Y.Penal Law §§ 70.25(2–a), 70.30; N.Y.Crim.Procedure Law § 430.10. However, this argument is without merit. The enhancement of the sentence under the persistent felony offender sentencing statute is not an *ex post facto* violation. *See, e.g., People v. Morse*, 62 N.Y.2d 205, 476 N.Y.S.2d 505, 465 N.E.2d 12 (1984); *People v. Cusick*, 119 A.D.2d 830, 501 N.Y.S.2d 455 (2nd Dept. 1986). The statute merely imposed a harsher sentence for the latest crime for which petitioner was sentenced—i.e. 1980—rather than imposing any additional penalties for his 1964 convictions.

Accordingly, the application of the persistent felony offender sentencing statute is not an *ex post facto* violation.

### *CONCLUSION*

Based on the foregoing, the petition for habeas corpus is denied. The Clerk of the Court is directed to enter judgment in favor of respondent. Because petitioner has not made a substantial showing of the denial of a federal right, a certificate of probable cause is denied pursuant to 28 U.S.C. § 2253.

**SO ORDERED.**