OPINION OF THE COURT
Seymour Rotker, J.
By order and decision dated March 6, 1997, the court decided the defendant’s omnibus motions. As a branch of the motion under each indictment, the defendant challenged the counts of *187 the indictment charging criminal contempt in the first degree (Penal Law § 215.51) as being violative of the Ex Post Facto Clauses of the United States and New York Constitutions, and in the alternative, violative of the defendant’s due process rights.
The court denied that branch of the motions without further elaboration.
Defendant requested and received an opportunity to reargue the court’s decision. Upon reargument, the court adheres to its original decision.
The Supreme Court of the United States has stated that there are two critical elements necessary to make a criminal or penal law ex post facto: (1) it must be retrospective, and (2) it must disadvantage the offender affected by it (Champelle v Coombe, 567 F Supp 345; Weaver v Graham, 450 US 24). Although a longer sentence disadvantages a defendant, the statute is not ex post facto because it merely provides enhanced punishment for the instant offense, not the prior offense (Champelle v Coombe, supra).
The constitutional prohibition in the Ex Post Facto Clause extends to any statute which punishes as a crime, an act previously committed, which was innocent when done; which makes more burdensome, the punishment for a crime after its commission; or which deprives the individual charged with a crime of any defense available according to law at the time when the act was committed (People v Hudy, 73 NY2d 40).
The crime for which defendant was charged was in existence when he committed the crime. The behavior complained of in the indictment was not innocent behavior when committed; nor is the defendant’s punishment being increased for his prior crimes.
The legislative intent behind increasing the penalties was to protect the safety of victims of domestic violence by strengthening the penal law provisions relating to violations of orders of protection (Mem in Support, 1996 McKinney’s Session Laws of NY, at 2309). Clearly, the legislative intent is prospective rather than retrospective.
An analogous statute is the second felony offender statute (Penal Law § 70.06), which has been held constitutional. The rationale presented in support of the constitutionality of this statute is that the enhanced sentence is applicable to the current crime, not an additional penalty for the prior offense (People v Morse, 62 NY2d 205; People v Pendergrass, 115 AD2d *188 497; People v Johnson, 104 AD2d 1050; People v Aiello, 93 AD2d 864; People v Butler, 92 AD2d 1071 [3d Dept]; People v Mangiapane, 87 AD2d 851).
Defendant’s claim herein is indistinguishable from those regarding enhanced sentences as a second felony offender.
The defendant is charged with a crime which he committed while a valid order of protection was in effect. He had fair warning of the nature of the proscribed conduct in advance of his commission of the offense (People v Morse, supra).
That branch of the defendant’s motion is, in all respects, denied. The statute is determined to be constitutional and not violative of the Ex Post Facto Clause of the United States Constitution or the Constitution of the State of New York.